## THE STATE V. M. BRADLEY.

1. That there are different degrees of an assault, for any one of which a defendant may be punished under the same indictment, and for which degrees there are different penalties, is settled by our statutes (Paschal's Digest, articles 2142 and 2160); and no reason is perceived why a higher and a lower degree of an assault may not be charged in the same indictment, provided both are charged to have been the result of one and the same act.

2. An assault may be committed on one or more persons at the same time and by the same act; and therefore an indictment charging the assault to have been committed on two persons would be good on demurrer or on a motion to quash.

3. An indictment for an assault with intent to murder having been quashed on motion of the defendant, the district attorney gave notice of appeal, whereupon the court ordered that the defendant enter into recognizance to appear and answer the accusation in case the judgment should be reversed by the Supreme Court; but the defendant failed to appear and enter into the recognizance thus required, and thereupon the district attorney moved that the recognizance previously taken for the appearance of the defendant to answer the indictment be forfeited, and that judgment *nisi* be rendered against the defendant and his sureties, and, further, that a capias issue for the re-arrest of the defendant. *Held*, that in overruling each and all of these motions the court below erred.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

The indictment alleged that "Martin Bradley, on the thirteenth day of the month of June, in the year of our Lord one thousand eight hundred and seventy, in said county of Bexar, unlawfully, with intent to injure one P. C. Ankerman and one H. D. Bonnet, with force and arms in and upon the said P. C. Ankerman, then and there being the deputy sheriff of said Bexar county, and in the lawful discharge of the duties of his office, and in and upon the said H. D. Bonnet, then and there being the sheriff of the said Bexar county, and in the lawful discharge of the duties of his

XXXIV—6

office, it being then and there known to the said Martin Bradley, and it having been then and there declared to the said Martin Bradley, that the said P. C. Ankerman was then and there the deputy sheriff as aforesaid, and that the said H. D. Bonnet was then and there the sheriff as aforesaid, and that both said deputy and sheriff were then and there discharging an official duty, then and there did make an assault, and a pistol, then and there loaded and charged with gunpowder and bullets, then and there held in the hands of him the said Martin Bradley, the said Martin Bradley then and there leveled and pointed at the said P. C. Ankerman and the said H. D. Bonnet, attempting then and there to shoot in and upon the body of him the said P. C. Ankerman, and him the said H. D. Bonnet, in manner and form aforesaid against the statute and peace and dignity of the State. And the grand jurors aforesaid, on their oaths aforesaid, in said district court further present, that at the time and place aforesaid, in manner and form aforesaid, the said Martin Bradley, with intent feloniously to murder the said P. C. Ankerman and the said H. D. Bonnet, with a pistol then and there in the hands of him the said Martin Bradley, in and upon the persons of P. C. Ankerman and said H. D. Bonnet, did make an assault and attempted then and there feloniously to discharge the said pistol in and upon the body of the said P. C. Ankerman and the said H. D. Bonnet, with an attempt [intent?] as aforesaid then and there to murder him the said P. C. Ankerman, and him the said H. D. Bonnet, in manner and form aforesaid, contrary," etc.

The defendant's motion to quash assigned :

First—Because of duplicity, there being two specific offenses. charged in the indictment.

Second—It is not alleged that Ankerman and Bonnet were known to defendant as officers of the law, at the time of the alleged offense.

Third—it is not alleged that Ankerman and Bonnet were at-

tempting the arrest of the defendant by virtue of any warrant or capias, or other legal process; nor that defendant committed any offense in the presence of said officers; nor was defendant charged with a felony or breach of the peace in presence of a magistrate, who had commanded said officers to arrest the defendant.

The order quashing the indictment does not indicate the ground on which that action was based. The other facts are shown in the opinion and the head notes.

No briefs on either side.

OGDEN, J.—There is no brief or assignment of errors filed in this case by the Attorney General, who has submitted the case upon the record only, leaving an inference to be drawn from that fact that no error existed; but, upon an examination of the record, we think there is sufficient error upon the face of the record to require a reversal of the judgment of the lower court. We are of the opinion that the court erred in sustaining the defendant's motion to quash the indictment. An indictment for an assault with an intent to murder would not necessarily be bad, though it should also charge other degrees of an assault constituted by the same act. That there are different degrees of an assault, for which a defendant may be punished under the same indictment, and for which there are different penalties, has been settled by the statute, (Paschal's Digest, articles 2142, 2160); and we see no reason why a higher and lower degree of assault may not be charged in the same indictment, provided both degrees are charged to have been the result of one and the same act. So also may one assault be committed on one or more persons at the same time and by the same act, and under such circumstances an indictment charging an assault upon two persons would be good upon a demurrer or motion to quash. It is true that a defendant cannot be punished under one indictment for two or more distinct offenses, committed at different times; and when it becomes apparent, either from the

indictment or the proof on the trial, that the defendant is charged with different offenses, the prosecution may be forced to elect which act shall be prosecuted.

The other grounds for quashing the indictment, set out in defendant's motion, could only be determined by the evidence, whether the assault, if any, was with the intent to murder, or whether it was made upon an officer in the lawful discharge of his duty, and therefore became an aggravated assault, or whether it was a simple assault and battery.

The court also erred in refusing to forfeit the recognizance of defendant for his appearance to *answer* to the district court for the offence charged in the indictment, on his failure to appear and answer to the charge, and in case of an appeal, to give a new recognizance for the appeal, in compliance with the statute. (Paschal's Digest, article 3187.)

The district court also erred in refusing to order a capias for the defendant, on motion of the district attorney. For these errors the judgment of the district court is reversed, and the cause remanded for trial.

Reversed and remanded.