## The People v. William A. Harrington.

*Criminal law—Assault with intent to do great bodily harm less than murder—Holding for trial—Assault and battery—Sentence —Limit of imprisonment.*

1. A justice is justified in holding a respondent for trial for an assault with intent to do great bodily harm less than murder, where there was testimony of a very serious bodily harm actually inflicted, and of express malice of an aggravated kind.
2. On a conviction at the circuit of a crime triable by a justice, no greater punishment can be inflicted than could be imposed by the justice.
3. The limit of imprisonment by a justice is three months, and the imposition of a fine will not permit a longer sentence, which, if imposed, is void for the *excess.*

Error to Cass.   (O'Hara, J.)   Argued April 23, 1889.
Decided June 7, 1889.

Respondent was convicted of assault and battery, and
sentenced to 40 days' imprisonment, and to pay a fine of $75
within said period, or be imprisoned until such fine was paid,
not exceeding four months.   Judgment reversed as to excess
of imprisonment beyond three months, and, as that time had
expired, prisoner was discharged.   The facts are stated in
the opinion.

*Howell & Carr,* for respondent.

*F. J. Atwell,* prosecuting attorney, for the People.

CAMPBELL, J.   Respondent was charged before a justice of
the peace in Cass county with an assault on Edward P. Boyd,
with intent to do great bodily harm less than murder.   The
justice examined him, and upon the testimony held him over
on that charge for trial at the circuit.   On his trial he was
convicted of assault and battery only.   He was sentenced to
be imprisoned 40 days, and to pay a fine of $75 within said
40 days, or in default to be imprisoned till paid, but the
whole imprisonment not to exceed 4 months.

A motion was made to quash the information for the
alleged reason that there was no testimony before the justice
tending to show the serious offense charged, and that he
should have tried the case himself.   We do not think so.
There was testimony of a very serious bodily harm actually
inflicted, and of express malice of an aggravated kind.   We
do not know what was proved at the circuit, but we have no
doubt the justice had grounds for taking the course he did.

The only question which we need consider relates to the
sentence.   It is the settled law of this State that, for a con-
viction at the circuit of a crime within the jurisdiction of a
justice, no greater punishment can be given than could be

imposed by a justice. Three months' imprisonment is all that can be awarded by a justice, and, although the statutes are a little blind, the construction has always been acted on that the imposition of a fine will not permit the imprisonment to be lengthened beyond three months in all. If imprisonment is awarded for three months, a fine would have to be collected in some other way.

The question, then, is whether the sentence of imprisonment separately for 40 days and a fine, which is to be followed by imprisonment till paid, but not beyond four months from sentence, is void entirely, or void only as far as excessive. We do not think the sentence is wholly void. The court could have imprisoned absolutely for three months. It could have imprisoned for three months in default of payment of the fine. The intention is evident that in case of such default the defendant should remain in prison four months. Of this four months only one month was excessive.

The judgment should be reversed as to the term of imprisonment beyond three months from February 25; and, as that time has now expired, the prisoner is entitled to be discharged from custody.

Judgment will be rendered accordingly.

CHAMPLIN, MORSE, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.