WILLARD J. TURNER, PROSECUTING ATTORNEY OF MUSKEGON COUNTY, v. ALBERT DICKERMAN, CIRCUIT JUDGE OF MUSKEGON COUNTY.

*Criminal law—Information—Assault with intent to do great bodily harm—Conviction of assault and battery.*

A respondent cannot be convicted of assault and battery under an information charging him with the statutory offense of "assault with intent to do great bodily harm less than the crime of murder," but not charging a battery; nor can the information be amended, after verdict and before judgment, so as to include such latter charge.

*Mandamus.* Submitted November 5, 1891. Writ denied November 13, 1891.

Relator applied for *mandamus* to compel respondent to vacate an order arresting judgment and discharging a prisoner, and to proceed to judgment. The facts are stated in the opinion.

*Willard J. Turner,* in *pro. per.*

*Jones & Clark,* for respondent.

·PER CURIAM. Augusta Linderman was arrested upon a complaint and warrant charging her with an assault with intent to do great bodily harm, less than the crime of murder, upon August Linderman.

Upon the examination before a justice the testimony showed that she had committed the offense of assault and battery. She was bound over by the justice upon the charge for which she was arrested, and later an information was filed in the circuit court charging her with committing an assault with intent to do great bodily harm, less than the crime of murder, upon August Linderman. A trial was had upon this charge, and the jury found a verdict of guilty of assault and battery. The counsel for respondent moved for an arrest of judgment, alleging, among other reasons, that the information did not charge a battery. The prosecuting attorney also moved to amend the information by inserting in the appropriate place the words: " And him, the said August Linderman, did beat, wound, and ill treat." The court, without passing upon the motion to amend, overruled the motion to arrest judgment, but before proceeding to judgment, and after further consideration, set aside and vacated the order denying the motion to arrest judgment, and granted the motion, arrested the judgment, and discharged the prisoner. Now the prosecuting attorney applies to this Court for a writ of *mandamus* to compel the circuit judge to vacate the order arresting judgment and discharging the prisoner, and proceed to judgment upon the verdict.

The circuit judge was right. The offense for which the respondent was tried is a statutory offense, and does not include the lesser one of battery. There is no charge in the information of the respondent having committed

a battery, and no one can be convicted of an offense which is not charged in the information, where the elements of the offense are not embraced in some greater offense charged. 1 Bish. Crim. Law, §§ 798, 803; *Hanna v. People,* 19 Mich. 322; *People v. McDonald,* 9 Id. 153; *Young v. People,* 6 Bradw. (Ill.) 434; *State v. McDevitt,* 69 Iowa, 553 (29 N. W. Rep. 461); *State v. McAvoy,* 73 Id. 557 (35 N. W. Rep. 631).

It is plain that the information could not be amended so as to include the offense for which the jury convicted the respondent. The statute allows certain amendments to be made before the jury are sworn, and also others enumerated, after verdict; but an amendment of this nature is not one which the statute permits.

The writ must be denied.