THE PEOPLE v. JOHN ELLSWORTH, JOHN DIXON, AND ROGER CRAIG.

*Criminal law—Information—Assault upon two persons—Verdict.*

1. One or more respondents may be informed against for an assault upon two persons with intent to do great bodily harm, less than the crime of murder, if the assault complained of was made by the same act or acts.

2. It was not intended to hold in *Turner v. Circuit Judge*, 88 Mich. 359, that a person tried for assault with intent to do great bodily harm, less than the crime of murder, could not be convicted of assault and battery, if such lesser offense was properly charged in the information.

Exceptions before judgment from Newaygo. (Palmer, J.) Submitted on briefs February 9, 1892. Decided March 4, 1892.

Respondents Ellsworth and Dixon were convicted of an assault with intent to do great bodily harm, less than the crime of murder, and the respondent Craig, of assault and battery, upon a joint trial. Conviction sustained, and court advised to proceed to judgment upon the verdict. The facts are stated in the opinion.

*M. W. Underwood,* for respondents, contended:

1. The information is bad for duplicity, in joining two distinct offenses in one count; citing *Woodford v. People,* 62 N. Y. 117; *People v. Harris,* 7 N. Y. Sup. 773; 4 Amer. & Eng. Cyc. Law, 755 (note 3); and it should have been quashed, or the court should have compelled the prosecuting attorney to elect on which charge he would proceed; citing Whart. Crim. Law (5th ed.), §§ 416, 422.

*A. A. Ellis,* Attorney General, for the people.

*A. F. Tibbitts,* Prosecuting Attorney, for the people, contended:

1. No further citations are necessary than that of *Woodford v. People,* 62 N. Y. 117, to show that the information is not bad for duplicity; and, as to the joinder of respondents, separate trials were not demanded under How. Stat. § 9573, and joint offenders may be jointly indicted; citing *Stuart v. People,* 42 Mich. 255.

2. The words "did then and there beat, bruise, wound, and ill-treat," as used in the information, are descriptive of the means used in committing the main crime charged, and, as an assault and battery is a lesser degree of such main offense, it follows that, where a battery is charged, a conviction for the minor offense is good; citing *People v. McDonald,* 9 Mich. 153; *Hanna v. People,* 19 Id. 322; *State v. Welsh,* 73 Iowa, 106; *State v. McAvoy,* Id. 557; and *Turner v. Circuit Judge,* 88 Mich. 359, has no application, as no battery was charged in that case.

MORSE, C. J. The respondents Ellsworth and Dixon

were found guilty of an assault with intent to do great bodily harm, less than the crime of murder, and the respondent Craig guilty of an assault and battery, on a joint trial upon the following information, duly verified:

" STATE OF MICHIGAN,
" The Circuit Court for the county of Newaygo.
" *Newaygo County—ss.*

" A. F. Tibbitts, prosecuting attorney in and for the county of Newaygo, aforesaid, for and in behalf of the people of the State of Michigan, comes into said court in the October term thereof, in the year one thousand eight hundred and ninety-one, and gives the court here to understand and be informed that heretofore, to wit, on the fifteenth day of September, 1891, at the township of Wilcox, in said county, John Ellsworth, John Dixon, and Roger Craig, late of said county, with force and arms, in and upon Edward Patnode and Frank Jewell, in the peace of the people of the State of Michigan then and there being, did make an assault with intent to do great bodily harm, less than the crime of murder, and the said Edward Patnode and Frank Jewell did then and there beat, bruise, wound, and ill-treat, against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

" A. F. TIBBITTS, Prosecuting Attorney."

Respondents demurred to this information, which demurrer was overruled; and, upon their refusing to plead, the court directed a plea of not guilty to be entered for each of them.

After the evidence for the people had been received, the repondents' counsel moved to quash the information for the following reasons:

" 1. Because the information charges two distinct and separate offenses in one count, and is bad for duplicity.

" 2. Because said information charges in one count that respondents, with force and arms, in and upon Edward Patnode and Frank Jewell, did make an assault with intent to do great bodily harm, less than the crime of murder.

"3. Because said information charges a simple assault and battery, and nothing else, which is an offense triable before a justice of the peace.

"4. Because a felony and misdemeanor are joined in one count.

"5. Because said information charges no offense known to the laws of this State."

This motion was denied, and exception taken.

The prosecutor was not required by the court to elect whether the offense charged in such information was to be confined to a charge of assault with intent to do great bodily harm, less than the crime of murder, upon either Edward Patnode or Frank Jewell. The respondents then introduced testimony, and the case was submitted to the jury under the charge of the court, and verdict returned as above stated.

It is alleged as error that this information charges an assault with intent to do great bodily harm, less than the crime of murder, upon two persons, and that the court should have required the prosecuting attorney to elect, confining the said assault to one person; that an assault upon two persons could not be tried under the same information and at the same time. It is contended that section 9122a, How. Stat., is in derogation of the common law, in that it creates a new offense unknown to the common law. The statute reads as follows:

"Any person who shall assault another with intent to do great bodily harm, less than the crime of murder, shall be punished by imprisonment in the State prison not more than ten years, or by fine not exceeding $800, or by both, in the discretion of the court."

It is argued that "another" means "one," and no more; also that an assault with intent to do great bodily harm, less than the crime of murder, could not well be committed upon two persons by the same act, and, if not, the offenses would be distinct and separate, although

happening in the same affray, and comparatively at the same time.

It must be conceded that it would be possible for a person to commit murder, and kill more than one person, by one and the same act; for instance, by putting poison in an article of food used by several, or by shooting two persons by one discharge of a loaded gun. It would also be possible to make an assault with intent to do great bodily harm, less than the crime of murder, upon two persons at once, and by the same act or acts. In such case, it is admissible to inform against one or more persons for such assault upon two persons. 1 Bish. Crim. Proc. § 437; 2 Bish. Crim. Proc. § 60; *Woodford v. People,* 62 N. Y. 117; *Fowler v. State,* 3 Heisk. 154; *State v. Bradley,* 34 Tex. 95; *Kenney v. State,* 5 R. I. 385; *Rex v. Benfield,* 2 Burrow, 980; *Com. v. O'Brien,* 107 Mass. 208; *State v. McClintock,* 8 Iowa, 203. None of the testimony taken on the trial is returned in the record, and therefore we must presume that the evidence showed that the assault upon the two persons was one and the same transaction.

It is claimed that under the ruling of this Court in *Turner v. Circuit Judge,* 88 Mich. 359, assault and battery is not included within the statutory crime of assault with intent to do great bodily harm less than the crime of murder; and that the information was bad because it joined a felony with a misdemeanor, and charged two distinct offenses in one count. But this case is ruled by *Hanna v. People,* 19 Mich. 316. It was there held that—

"Assaults, with various degrees of aggravation, must include the inferior degree of simple assault, or, if the higher degree is charged, *including a battery,* as in the present case, the simple assault and battery are included, and that the defendant may be convicted of the included offense."

In *Turner v. Circuit Judge* there was no battery

charged, and we held that the information could not be amended to include a battery after verdict. It was not intended to hold that a person tried for assault with intent to do great bodily harm, less than the crime of murder, could not be convicted of assault and battery, if such assault and battery were properly alleged in the information.

In the case before us the information is not as clear and precise as it might have been, but it evidently was intended to charge an assault and wounding and beating with intent to do great bodily harm, less than the crime of murder. No injustice is done the respondents, in treating the allegation of beating and wounding. as if the information had charged as follows:

" With force and arms, in and upon Edward Patnode and Frank Jewell, in the peace of the people of the State of Michigan then and there being, did make an assault, and the said Edward Patnode and Frank Jewell did then and there beat, bruise, wound, and ill-treat, with intent to do them, the said Edward Patnode and Frank Jewell, great bodily harm, less than the crime of murder."

Thus stated, the information would not have been open to objection, and a conviction of assault and battery could have been had under it. *Hanna v. People,* 19 Mich. 322; *State v. McAvoy,* 73 Iowa, 557 (35 N. W. Rep. 630); *State v. Welsh,* Id. 106 (34 N. W. Rep. 765). We consider the information as one charging an assault and beating and wounding with intent to commit the greater crime therein alleged.

The conviction is sustained, and the court below will proceed to judgment upon the verdict.

The other Justices concurred.