PEOPLE v. ANDRE.

INDICTMENT AND INFORMATION—ASSAULT—ASSAULT AND BATTERY—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN THE CRIME OF MURDER—MODIFIED SENTENCE.

Where respondent was convicted and sentenced for assault and battery under an information charging assault with intent to do great bodily harm less than the crime of murder, but not charging a battery, the verdict should stand as a conviction for an assault, which offense was necessarily included in assault and battery, but because the judgment was greater than is allowed in case of an assault, it will be set aside and the case remanded to the court below with directions to proceed to judgment.

Error to Benzie; Gage, J., presiding. Submitted

October 16, 1916· (Docket No. 173.) Decided January 23, 1917.

Elmer Andre was convicted of assault and battery. Judgment set aside and case remanded, with directions to the trial judge to proceed to judgment.

*Grant Fellows,* Attorney General, and *W. E. Daines,* Prosecuting Attorney, for the people.

*Covell & Cross,* for respondent.

MOORE, J. The respondent was arrested upon a complaint charging him as follows: On the 2d day of October, 1915, at the township of Crystal Lake, and in the county aforesaid, one Elmer Andre, late of said township and county, feloniously did make an assault upon one William Robinson with intent then and there to do great bodily harm to the said William Robinson less than the crime of murder.

At the examination before the justice and before any testimony was taken a motion to quash was made by the attorney for the respondent which motion was overruled. The respondent was bound over to the circuit court where an information reading as follows was filed, omitting the formal beginning and ending:

"W. E. Daines, prosecuting attorney in and for the said county of Benzie aforesaid, for and in behalf of the people of the State of Michigan, comes into said court in the March term thereof in the year one thousand nine hundred sixteen, and gives the court here to understand and be informed that one Elmer Andre, late of the township of Crystal Lake in the county of Benzie and State of Michigan, heretofore, to wit: On the 2d day of October, A. D. 1915, at the township of Crystal Lake, in the county of Benzie aforesaid feloniously did make an assault upon one William Robinson with intent then and there to do great bodily harm to the said William Robinson less than the crime of murder. Contrary to the statute."

The respondent stood mute and a plea of not guilty was entered by the court. Before a jury was impaneled a motion was made to quash the information and all proceedings. The motion was overruled, and the jury convicted respondent of the offense of assault and battery. Thereupon the court imposed the following sentence:

"Therefore it is ordered, adjudged by the court now here that the said Elmer Andre be confined in the county jail of Benzie county, Michigan, for a period of sixty days, and also that the said Elmer Andre pay a fine of two hundred dollars within forty-eight hours, and that in default of the payment of the said fine of $200 that the said Elmer Andre be confined in said jail for the period of one year from and including this day."

The various assignments of error present several interesting questions, but an answer to one of them is decisive of the case. That question is, Can respondent be legally convicted of assault and battery under the information filed against him? It will be noted that the word "battery" does not appear in the information, nor do the words "did then and there beat, bruise, wound, and ill treat," which might be regarded as equivalent to a charge of assault and battery, appear therein. See *People* v. *Ellsworth,* 90 Mich. 442 (51 N. W. 531).

In *Turner* v. *Circuit Judge,* 88 Mich. 359 (50 N. W. 310), it was held:

"A respondent cannot be convicted of assault and battery under an information charging him with the statutory offense of 'assault with intent to do great bodily harm less than the crime of murder,' but not charging a battery; nor can the information be amended, after verdict and before judgment, so as to include such latter charge."

See, also, *Hanna* v. *People,* 19 Mich. 316, and *People* v. *Howard,* 179 Mich. 478, 488 (146 N. W. 315).

It does not follow, however, that the verdict must fail entirely. While the information did not include the offense of assault and battery, it did include an assault. The jury could not have returned a verdict of assault and battery without finding that an assault had been committed. The verdict should stand as a conviction for an assault. Because the judgment was greater than is allowed in case of an assault (see *People* v. *Harrington*, 75 Mich. 112 [42 N. W. 680]; *In re Kenney*, 147 Mich. 678 [111 N. W. 189], and the many cases cited there) it is set aside.

The case will be remanded, with directions to the trial judge to proceed to judgment.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.