(No. 5770. December 17, 1931.)

STATE, Appellant, v. THOMAS TRATHEN, Respondent.

[6 Pac. (2d) 150.]

436

Fred J. Babcock, Attorney General, and R. W. Beckwith, Prosecuting Attorney for Elmore County, for Appellant.

Wm. M. Morgan and E. H. Anderson, for Respondent.

VARIAŃ, J.—Thomas Trathen was charged by information with the crime "of neglecting and failing to keep and pay over public money, in the manner prescribed by law, received by him in his official capacity as Assessor and Personal Property Tax Collector, of Elmore County, State of Idaho," under the provisions of C. S., sec. 8380.

A trial was had resulting in an acquittal and discharge of the defendant. The state prosecutes this appeal from certain instructions given, and others refused, by the trial court. The record before us is made up of copies of the information, demurrer, court minutes, notice of appeal, application for, and extension of, time to the clerk to prepare his transcript, all required by law to be in the care and custody of the clerk together with copies of certain instructions to the jury and certain instructions requested by the state to be given to the jury, not required to be filed in said clerk's office. There is no reporter's transcript and no bill of exceptions before us; merely the files and papers enumerated, accompanied by the clerk's certificate to the effect that they are true and correct copies.

We are met at the outset with a motion to strike from said transcript, all the instructions asked for and refused, to-

gether with the instructions given by the court, upon the ground that said portion of the transcript is not prepared, certified and settled as provided by statute hereinafter referred to.

A party may procure a record of the evidence, proceedings and exhibits made during the trial of a criminal action in the district court, for use on appeal to the supreme court, in the same way such record is obtained in civil actions. "Said transcript shall be ordered, prepared, served, settled, lodged, filed and used in the same way and with the same effect as in a civil action." (Sess. Laws 1927, chap. 135, p. 178.)

C. S., sec. 6886, as amended, Sess. Laws 1925, chap. 111, sec. 3, p. 158, Sess. Laws 1927, chap: 33, p. 42, provides that a party may, in lieu of a bill of exceptions, "procure a transcript" of the testimony and proceedings made during the trial, "including instructions given or refused" or such parts thereof as may be necessary, from the court reporter. Before the transcript, prepared by the court reporter, is filed in the supreme court it must be settled by the trial judge after counsel have had an opportunity to point out any errors therein.

The legislature, by repealing C. S., secs. 9006, 9007, 9008, 9009, 9010, 9011 and 9012 (Sess. Laws 1927, chap. 24, p. 28) relating to exceptions and preparation, settlement and service of bills of exceptions in criminal matters, has limited appellant to the procedure under C. S., sec. 6886, as amended, *supra,* in order to bring up instructions given or refused in a criminal case for review by this court. The court reporter must include them in a transcript prepared by him which must likewise be settled by the trial judge. (C. S., sec. 6886, as amended, *supra.*)

The repealing statute, last referred to, likewise provides, in sec. 1 thereof that:

"Any ruling, instruction, order, decision, judgment, and all judicial acts of the court or judge thereof, in a criminal action, occurring before or after judgment shall be deemed excepted to. The same need not be embodied in a bill of exceptions but, when appearing in the records, files, minutes

or transcript of the action may be reviewed upon appeal." (Sess. Laws 1927, chap. 24, p. 29.)

The clerk is not required to include in his transcript (C. S., sec. 9077) instructions given or requested in a criminal trial. Nor is there any statute requiring the instructions, given or requested, to be filed in the clerk's office, where the defendant has been acquitted. C. S., sec. 9040, requires, when a judgment upon conviction is rendered that the clerk: "without unnecessary delay annex together and file the following papers, which constitute a record of the action. . . . .

"7. The written charges asked of the court, and refused with the court's indorsement thereon,

"8. A copy of all° requested instructions showing those given and those refused with the court's indorsement thereon, together with a copy of all instructions given on the court's own motion."

The instructions under consideration are not embodied in any "records, files, minutes or transcript of the action" before us. In a criminal case, where there is no conviction, but an acquittal, the law neither authorizes instructions to be filed, nor makes them a part of the record in the case. The unauthorized filing and certification of a paper does not make it a part of the record. (See *Blandy v. Modern Box Mfg. Co.*, 40 Ida. 356, 232 Pac. 1095.)

The instructions complained of are not properly before us and therefore the motion to strike must be granted. There being no record from which the questions sought to be determined by this appeal can be answered the appeal is dismissed. (*Fort Misery Highway Dist. v. State Bank*, 41 Ida. 491, 239 Pac. 277.)

Lee, C. J., and Budge, Givens and McNaughton, JJ., concur.