(No. 5861. October 11, 1932.)

STATE, Respondent, v. ROBERT UPHAM, Appellant.

[14 Pac. (2d) 1101.]

B. H. Miller, for Appellant.

Fred J. Babcock, Attorney General, and Z. Reed Millar, Assistant Attorney General, for Respondent.

LEEPER, J.— Appellant, convicted of the crime of battery, appeals from the judgment. The instructions given by the court (there is no mention of any requested instructions in the transcript) and other papers hereinafter mentioned were embodied in the clerk's transcript. The attorney general contends that the instructions are not prop-

erly before us and should be embodied in the reporter's transcript and not in the clerk's transcript. He has moved to strike the instructions from the transcript on the ground that the latter is not prepared, certified and settled as required by the provisions of C. S., sec. 9077; Sess. Laws 1927, chap. 135, p. 178; and C. S., sec. 6886, as amended Sess. Laws 1925, chap. 111, p. 158; Sess. Laws 1927, chap. 33, p. 42; and cites the recently decided case of *State v. Trathen,* 51 Ida. 435, 6 Pac. (2d) 150, to sustain his contentions. In that case the state appealed from a judgment of acquittal in a criminal action. We held that "the law neither authorizes instructions to be filed, nor makes them part of the record in the case" where there is no judgment of conviction and the appeal is by the state from a judgment of acquittal in a criminal action. On the other hand the opinion refers to the requirement of C. S., sec. 9040, to the end that written charges asked and refused, the court's indorsement thereon, copies of all requested instructions showing those given and those refused, with the court's indorsement thereon, and those given on the court's own motion, when a judgment of conviction is rendered, must, with other papers, be annexed together and filed "without unnecessary delay," and constitute the record in the action. Such record, where the appeal is from *a final judgment of conviction,* is made an essential part of the record on appeal, required to be included in the clerk's transcript by the provisions of C. S., sec. 9077. The code being silent as to what constitutes the record in the district court where a *judgment of acquittal* is entered in a criminal action, this court held in *State v. Trathen, supra,* that in such case, appellant must follow the procedure prescribed by C. S., sec. 6886, as amended, *supra,* requiring instructions given or refused to appear in the reporter's transcript in civil cases, the provisions of which are made to apply to criminal actions by Sess. Laws 1927, chap. 135, p. 178. Therefore, since the instructions requested, given and refused constitute part of the record, where a judgment of conviction is entered in a criminal case, they must necessarily be embodied in the clerk's tran-

script on appeal from such judgment, as required by the provisions of C. S., sec. 9077. Nor does Sess. Laws 1927, chap. 135, p. 178, providing as follows: "Sec. 2. Section 9013 of the Idaho Compiled Statutes and all other acts and parts of acts in conflict with the provisions of this act are hereby repealed; provided that in appeals heretofore perfected the transcript may be obtained and prepared in accordance with this Act or with law in force at the time of the perfection of such appeals."—operate to repeal the provisions of C. S., sec. 9040, making said instructions part of the record on rendition of judgment of conviction. Such provisions relate to what constitutes the record in the district court on judgment of conviction, while the repealing clause, Sess. Laws 1927, chap. 135, p. 178, sec. 2, refers to the requirements of the reporter's transcript in criminal cases generally—appeals both from judgments of conviction and judgments of acquittal. True, said Sess. Laws 1927, chap. 135, p. 178, requires said reporter's transcript to include instructions "given or refused" during the trial of a criminal action the same as in a civil action, and C. S., sec. 9077, also requires them to appear in the clerk's transcript, as part of the record made up as directed by C. S., sec. 9040, on appeal from a final judgment of conviction, but there is no "conflict" between the several provisions—merely a duplication—and the repealing clause above set forth does not affect the requirements of C. S., sec. 9077, relating to the clerk's transcript or record on appeal.

The purpose of the law, i. e., to bring before this court on appeal from a judgment of conviction in a criminal action the instructions requested, refused or given, being accomplished by including them in the clerk's transcript on appeal, it will not be required that the instructions shall also appear in the reporter's transcript, as provided by C. S., sec. 6886, as amended, *supra*, which would amount to senseless duplication.

The attorney general has also moved to strike from the transcript the certificate of probable cause, the criminal complaint filed in the probate court, the transcript of the

preliminary examination and order of commitment of the committing magistrate, all forms of verdict submitted to the jury, the motion in arrest of judgment, and the judgment and commitment, upon the same grounds urged against the inclusion of the instructions. These documents are not made a part of the record upon conviction under the provisions of C. S., sec. 9040, or any other sections of the statutes. C. S., sec. 9077, provides: ''The record for appeal from a final judgment of conviction shall consist of copies of the following papers: the notice of appeal; *the record, as the same is or shall be provided by section 9040;* the reporter's transcript, in case there be one; any bills of exceptions, if any there be, preserving the evidence and proceedings at the trial.'' It would appear to have been the intent of this latter statute that if objections were to be urged upon appeal which required any part of the clerk's record other than that specified by C. S., sec. 9040, a bill of exceptions had to be prepared and settled embodying that part of the record. However, by Sess. Laws 1927, chap. 24, it was provided:

''Any ruling, instruction, order, decision, judgment, and all judicial acts of the court or judge thereof, in a criminal action, occurring before or after judgment shall be deemed excepted to. The same need not be embodied in a bill of exceptions but, when. appearing in the records, files, minutes or transcript of the action may be reviewed upon appeal.''

This appears to conflict with C. S., sec. 9077, as regards the matter immediately before us. All of the papers called for by the praecipe except the unused forms of verdict were properly filed in the clerk's office, and constitute part of the records and files of the action, even though not specifically required to be included in the judgment-roll under the provisions of C. S., sec. 9040.

 There does not seem to be any statutory authority for the commonly accepted practice of submitting forms of verdict to the jury, and they are not properly a part of the clerk's records, although the practice makes for the orderly

disposal of a case. C. S., sec. 9002, provides that when a verdict is returned "the clerk must immediately record it in full upon the minutes" and thus the record of the verdict is to be found in the minutes. However, certainly no harm can result from the inclusion of the original verdict in the transcript, even though it be also shown in the minutes. The unused forms of verdict which were submitted to the jury have no place in the record and should not be included in the transcript. If a convicted defendant desires to make use of such instruments to establish error, he must preserve his objection during the course of the trial and make them a part of the record by suitable proceedings. The motion in arrest of judgment, if made in writing, must necessarily be filed with the clerk and if made orally it becomes a part of the minutes, and therefore is properly a part of the record. As to the judgment, C. S., sec. 9040, provides, "when a judgment upon a conviction is rendered, the clerk must enter the same upon the minutes," and further provides that the judgment-roll shall contain "a copy of the minutes of the judgment." Obviously the clerk can certify both as to his minutes and likewise as to the "copy of the minutes" which is part of the judgment-roll.

Clearly, the legislature, by enacting Sess. Laws 1927, chap. 24, intended to and did eliminate the necessity of a bill of exceptions in order that a review might be had of any proceeding in the case the record of which is not included within the purview of C. S., sec. 9040. In other words, if an appellant presents a properly certified clerk's record containing the "records, files, minutes or transcript" of the action, any "ruling, instruction, order, decision, judgment, and all judicial acts occurring before or after judgment" and appearing therein are deemed excepted to and may be reviewed upon an appeal from the judgment. The papers and documents which are the subject of this motion, except the unused forms of verdict, were properly included in the clerk's transcript, and their inclusion therein is sufficient to bring before us any error appearing upon the face of the record which is presented. (*State*

*v. McClurg,* 50 Ida. 762, 300 Pac. 898.) Inasmuch as the unused forms of verdict are immaterial in this proceeding, the motion to strike will be denied *in toto.*

The appellant has appealed from a judgment convicting him of battery, urging as error that he was informed against only for the crime of assault with a deadly weapon and that the battery of which he was convicted is not an included offense. It may be conceded at the outset that where an indictment charges an assault only, and does not allege a battery, the defendant cannot be found guilty of battery as an included or connected offense. (*State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *People v. Hopper,* 69 Colo. 124, 169 Pac. 152; *Parks v. State,* 14 Okl. Cr. 413, 171 Pac. 1129; *People v. Andre,* 194 Mich. 524, 160 N. W. 1011; *Turner v. Circuit Judge,* 88 Mich. 359, 50 N. W. 310; *State v. Marcks,* 3 N. D. 532, 58 N. W. 25.)

However, the information in this case charges a battery as well as an assault, in the following language:

" . . . . that Robert Upham is accused by this information of Crime of Assault with a Deadly Weapon, committed as follows: That the said Robert Upham of Fremont County, Idaho, on or about the 22nd day of May, 1931, about three miles South from Ashton in the County of Fremont, State of Idaho, then and there being, did then and there, with a certain deadly weapon, or instrument, to-wit: a club about three feet in length and about three and one-half inches in diameter, with force likely to produce bodily injury, wilfully, unlawfully and feloniously in and upon the person of one Henry Schaefer, make an assault by then and there striking the said Henry Schaefer several times upon the head with said club, which said assault was likely to, and did produce great bodily injury to and upon the person of the said Henry Schaefer.''

We are not required to decide whether or not two offenses are charged in this information, since no objection was taken thereto by appellant, either by demurrer or by motion requiring the state to elect. Objection was first taken after verdict and before judgment by means of a

motion in arrest of judgment. The question of duplicity in the information, if any there was, cannot be raised by motion in arrest of judgment in absence of demurrer or motion to elect on that ground. (*State v. Knutson,* 47 Ida. 281, 274 Pac. 108; *State v. Severns,* 47 Ida. 246; 273 Pac. 940; *State v. Crawford, supra; People v. Nash,* 1 Ida. 206; *People v. Stapleton,* 2 Ida. 46, 3 Pac. 6; C. S., sec. 8878.)

Instruction No. 15 was clearly erroneous, in so far as it charged the jury that battery was an offense included in a charge of assault, but this error was not prejudicial inasmuch as the battery was actually alleged in the information and defendant had waived his right to object by failing to demur or to require an election. Where an erroneous instruction is not prejudicial, the judgment will not be reversed on that account. (*State v. McKeehan,* 48 Ida. 112, 279 Pac. 616; *State v. Muguerza,* 46 Ida. 456, 268 Pac. 1.)

Inasmuch as the information charged a battery, and without previous objection the defendant was convicted of battery, there was no error in denying the motion in arrest of judgment and in entering the judgment complained of. (*State v. Crawford, supra; State v. Klein,* 19 Wash. 368, 53 Pac. 364; *People v. Ellsworth,* 90 Mich. 442, 51 N. W. 531; *Mulloy v. State,* 58 Neb. 204, 78 N. W. 525; *Chacon v. Territory,* 7 N. M. 241, 34 Pac. 448; *Ex parte Flanders,* 119 Neb. 761, 230 N. W. 684; *State v. Woodell,* 22 N. D. 230, 132 N. W. 1003; 31 C. J. 862.)

It was suggested upon oral argument that, even though a battery was charged in the information, the district court could not have jurisdiction of the offense, it being a misdemeanor and triable only in justice courts in the first instance. This question has been resolved against the position of appellant in *Fox v. Flynn,* 27 Ida. 580, 150 Pac. 44; *State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Moodie,* 35 Ida. 574, 207 Pac. 1073.

Judgment of conviction is affirmed.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.