# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 5, 2020

159619

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

BRAD STEPHEN HAYNIE,
      Defendant-Appellant.

SC: 159619
COA: 340377
Macomb CC: 2016-000712-FC

_____/

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE that part of the April 16, 2019 judgment of the Court of Appeals addressing jury instructions and we REMAND this case to the Macomb Circuit Court for a new trial before a properly instructed jury. See M Crim JI 17.2.

On the basis of the prosecutor's concession, we assume without deciding that assault and battery, MCL 750.81(1), is a lesser included offense of assault with intent to commit murder, MCL 750.83. The trial court erred by refusing to give the requested jury instruction because a rational view of the evidence supported a conviction for assault and battery. See *People v Cornell*, 466 Mich 335, 357 (2002). This error was not harmless as the evidence clearly supported an instruction on assault and battery. See *id*. at 363-366.

A requested instruction on a lesser included offense is proper if the greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it. *Id*. at 357. There was evidence presented at trial that defendant had the intent necessary for assault and battery—that he either intended to commit a battery upon his mother, Patricia, or intended to make her reasonably fear an immediate battery. See *People v Johnson*, 407 Mich 196, 210 (1979). However, the prosecutor argued that no rational view of the evidence in this case supports a conviction for anything less than assault with intent to commit great bodily harm less than murder. Whether the instruction on the lesser included offense should have been given thus turns on whether a rational view of the evidence supported the conclusion that defendant lacked both the intent to kill and the intent to do great bodily harm. See *Cornell*, 466 Mich at 345. Patricia testified that she believed defendant lacked even the intent to commit great bodily harm against her—he had "gone out of his way his whole life, even as a toddler, to keep [her] from any kind of pain." Defendant's sister testified that defendant and Patricia had a loving relationship, and there was no testimony that defendant and Patricia had any kind of falling out that might have motivated an intent to seriously harm or murder her. Defendant's statements

to Patricia during the assault suggested that his intended purpose was to help his mother by ridding her of the devil—"[M]om, I've got to save you, Lucifer has you . . . ." Because "believability is for the jury to decide, not appellate judges," *People v Silver*, 466 Mich 386, 394 (2002), the jury could have chosen to believe this testimony. A rational view of these facts regarding defendant's intent would allow a jury to conclude that defendant committed assault and battery.

The dissenting statement argues that defendant has offered insufficient evidence to obtain the instruction on the lesser offense, relying on the severity of Patricia's injuries in contrast. But, as observed by the dissenting opinion in the Court of Appeals, "there is no quantum of injury necessarily associated with an assault and battery." *People v Haynie*, 327 Mich App 555, 571 (2019) (GLEICHER, J., dissenting). While the severity of injury bears on intent, it is not necessarily dispositive, and the jury should be free to make its own determination after weighing the evidence.

We further conclude that this error was not harmless given that the evidence clearly supported an instruction on assault and battery. See *Cornell*, 466 Mich at 363-366.[1] As was the case in *Silver*, defendant's alleged victim corroborated his theory of the case by testifying that she did not believe defendant intended to injure her. In addition, defendant's sister's testimony and the absence of testimony indicating a heightened intent supported defendant's theory. Not giving the jury an instruction that allowed them to consider defendant's comparative guilt as to assault and battery undermines the reliability of the verdict. See *Silver*, 466 Mich at 393. Accordingly, we REVERSE the judgment of the Court of Appeals and REMAND to the circuit court for a new trial.

We do not retain jurisdiction.

CLEMENT, J. (*concurring*).

I concur in full with the Court's order. Because the People have conceded the issue of whether assault and battery is a necessarily included lesser offense of assault with intent to murder, we do not decide the issue today. I write separately to go over the questions that I believe will need answering if we take up this issue in the future.

---

[1] In his partial dissent, Justice ZAHRA challenges whether "this Court can simply make a determination as to whether instructional error of this kind undermines the reliability of the verdict without prior appellate review," given that the Court of Appeals in *Silver* had considered the issue. However, the Court of Appeals did not consider whether the error in *Cornell* was harmless, yet that was the dispositive reason for this Court denying that defendant a new trial, so we believe that there is ample precedent for this Court resolving the question "without prior appellate review."

As a general matter, when an offense consists of "different degrees, . . . the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment . . . ." MCL 768.32(1). There has, over the years, been much debate about how to implement this statute, which, as we noted in *People v Cornell*, 466 Mich 335, 341 (2002), has been around in substantially identical form since 1846. The recurring issue is how to identify which lesser offenses a jury should be instructed upon, such that it could return a verdict as to an "offense inferior to that charged in the indictment."

One rule is to instruct on "cognate" offenses based on the facts adduced at trial. Thus, in *People v Jones*, 395 Mich 379 (1975), overruled by *Cornell*, 466 Mich at 357, the defendant was charged with second-degree murder. The trial testimony was that the defendant shared an apartment with the victim; on a particular day, a friend of the victim's came to visit, and while the victim and her friend were chatting in the kitchen, the defendant got a shotgun from a closet, aimed it at the victim, and fired it, killing her. *Id*. at 384-385. The defendant testified on his own behalf and conceded that he had obtained the shotgun from the closet, but claimed that he had only intended to brandish it for the purpose of scaring the visitor into leaving; he asserted that he did not know the weapon was loaded, that he did not intentionally aim it at anyone, and that the weapon only accidentally discharged when he was bumped by the visitor (who he had successfully induced into fleeing). *Id*. at 385. The jury was instructed as to second-degree murder and voluntary manslaughter, but the trial court rejected the defendant's request to instruct the jury as to MCL 752.861, which criminalizes killing or injuring a person with the careless, reckless, or negligent discharge of a firearm. *Id*. at 385-386. We adopted a rule that "[i]f the lesser offense is of the same class or category, or closely related to the originally charged offense, so as to provide fair notice to the defendant that he will be required to defend against it, the lesser offense is or may be included within the greater." *Id*. at 388. While MCL 752.861 is not a *necessarily* included lesser offense of second-degree murder—because MCL 752.861 requires the use of a firearm, while second-degree murder does not—we held under this test that the jury should have been instructed as to MCL 752.861 anyway. "Because the evidence adduced at trial would have supported a guilty verdict on the offense of careless, reckless or negligent discharge of firearms causing death, the trial court was required to . . . instruct the jury that such offense was a lesser included offense of the charge of second-degree murder." *Id*. at 390.

In *Cornell*, we rejected this rule of "cognate" lesser offenses. Instead, we held that a jury could only be instructed under MCL 768.32(1) as to *necessarily* included lesser offenses. We repudiated the *Jones* rule and said a regime of necessarily included lesser offenses was more faithful to the text of the statute. *Cornell*, 466 Mich at 354. In doing so, we also concluded that requiring that a lesser included offense be *necessarily* included was more consistent with *Hanna v People*, 19 Mich 316 (1869), an early case that had construed what is now codified as MCL 768.32(1). *Cornell* remains our controlling

interpretation of the statute, so Michigan requires that a lesser offense be necessarily included in the charged offense for a jury to be instructed as to a lesser offense.

This contrast between *Cornell*'s "necessarily included" rule and the preceding caselaw played out in the Court of Appeals' disposition of this case. The majority, which held that assault and battery is not a lesser included offense of assault with intent to murder, did so on the basis of *People v Ross*, 73 Mich App 588 (1977). In *Ross*, the Court of Appeals was implementing our rule from *Jones*. In particular, *Ross* drew on some discussion in *Jones* of *People v McDonald*, 9 Mich 150 (1861). In *McDonald*, the defendant had been charged with assault with intent to murder, and we held that the defendant could also be convicted of assault and battery on such a charge. We observed in *Jones* that "under a strict '*necessarily* included' test, an assault and battery offense would not be included, as battery is an element not required for the higher assault with intent to murder offense," and concluded that *McDonald* was evidence that we had not always consistently adhered to a line between "cognate" lesser included offenses and "necessarily" included lesser offenses. *Jones*, 395 Mich at 389. On the strength of the remark in *Jones*, *Ross* then remarked that "[a]ssault and battery is not an offense necessarily included within the crime of assault with intent to murder." *Ross*, 73 Mich App at 592. And, on the strength of *Ross*, the Court of Appeals here held that "assault and battery is not a lesser included offense of assault with intent to murder." *People v Haynie*, 327 Mich App 555, 561 (2019). Judge GLEICHER dissented. She observed that *Ross* had depended upon *Jones*, and *Jones* was overruled in *Cornell*. She preferred to look to *Hanna*, a case in which the defendant was charged with assault with intent to murder and, we held, was properly convicted of assault and battery. Since we had expressly looked to *Hanna* as the controlling law in *Cornell*, she argued that "*Hanna* answers the question presented in this case." *Id*. at 569 (GLEICHER, J., dissenting).

The problem is that *Jones* misconstrued *McDonald*, and *Cornell* misconstrued *Hanna*. If *Jones* stands for the proposition that a jury can be instructed on cognate lesser offenses based on the facts adduced at trial, and *Cornell* stands for the proposition that the jury can be instructed only on necessarily included lesser offenses, then *McDonald* and *Hanna* employed a third rule: that a jury can be instructed on lesser offenses that are included *within the narrative allegations of the charging document*. This rule "looks to the pleadings to determine whether the offense has been sufficiently alleged and allows any lesser included offenses if alleged in the information" and is described as "the cognate-pleadings theory." Koenig, *The Many-Headed Hydra of Lesser Included Offenses: A Herculean Task for the Michigan Courts*, 1975 Det C L Rev 41, 43, 49. Thus, in *McDonald*, the information alleged that the defendant "unlawfully ma[d]e an assault" on the victim and, in doing so, did "beat, wound and ill treat, with intent . . . unlawfully, feloniously and carnally to know and abuse." *McDonald*, 9 Mich at 150. In other words, the defendant was charged with assault with intent to rape, in violation of 1857 CL 5730. But, in the course of making such a charge, the information alleged that he "beat, wound[ed] and ill treat[ed]" the victim, so the jury could find the defendant guilty of simple assault and battery, since physical contact was alleged. Similarly, in

*Hanna*, 19 Mich at 317, it was alleged that the defendant " 'with a certain piece of iron, the same being a dangerous weapon, which he, . . . in his right hand then and there held, feloniously did beat, bruise and wound one John Shine, with intent . . . feloniously, wilfully, and of his malice aforethought, to kill and murder the said John Shine,' " as well as that he " 'did make an assault, and did beat, choke, wound and strike him, the said John Shine, with intent . . . then and there feloniously, wilfully, and of his malice aforethought, to kill and murder' " the victim. In other words, he was charged with assault with intent to murder while armed, and assault with intent to murder, in violation of 1857 CL 5724 and 5726. We held "that assaults are substantially and in effect divided by the statute into degrees; and that an indictment for any of the higher grades, or assaults with various degrees of aggravation, must include the inferior degree of simple assault; or, if the higher degree is charged including a battery, as in the present case, the simple assault and battery are included . . . ." *Id.* at 322-323. The juries in *McDonald* and *Hanna* could convict on assault and battery, not because it was necessarily included in the charged offenses, but rather, because the factual allegations in each information supporting the charged offenses recited a battery.[2]

To say that *Cornell* misunderstood *Hanna* is not to say that *Cornell* misinterpreted MCL 768.32(1), however. It seems apparent that criminal charges are made somewhat differently today than they were at the time of *Hanna*. What I do not know is what, exactly, has changed—is it simply a matter of convention? Have the legal standards changed? Perhaps a law or court rule has been amended? And when did that occur? The rule in *Hanna* does not seem to map all that well onto contemporary criminal procedure, meaning that it requires a degree of "translation" to apply it today—but to do so, I would certainly find it helpful to learn more about what changed and when it changed.

In addition, translating the rule under *Hanna* and its progeny to contemporary practice requires getting to the bottom of what the actual rule was. There are, unfortunately, many mysteries in the cases that follow. The actual assault and battery statute, MCL 750.81(1), provides that "a person who assaults or assaults and batters an individual . . . is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both." Per the terms of the statute, then, it is a matter of indifference whether a battery occurred; a simple assault, whether or not paired with a battery, is a 93-day misdemeanor. Much as with MCL 768.32(1), this has basically been the case since 1846; at that time, the maximum punishments were one year in jail or $200, but the statute was equally indifferent to whether a battery occurred. See

---

[2] To the extent there is any doubt that this was the rule being employed in *McDonald* and *Hanna*, it is put to rest by *People v Ellsworth*, 90 Mich 442 (1892). There, we held that while the information was "not as clear and precise as it might have been," it alleged that the defendant " 'bruise[d], wound[ed], and ill-treat[ed]' " the victim, *id.* at 447, and thus a conviction for assault and battery was available under *Hanna* when the defendant was charged with assault with intent to do great bodily harm less than murder.

1846 RS, ch 153, § 29. As we noted in *McDonald* and *Hanna*, where a complaint alleged some more serious assault, this statute put simple assault (or assault and battery) at the bottom of the stack of crimes for which the defendant could be convicted. At times, though, our cases have suggested that we are not as indifferent to the distinction between simple assault and assault and battery as the statute appears to be. In *Turner v Muskegon Circuit Judge*, 88 Mich 359 (1891), the defendant was charged with assault with intent to do great bodily harm less than murder, and she was found guilty of assault and battery. The defendant moved to have the verdict set aside, because the charging document did not specifically allege a battery. The prosecutor moved to amend the information to insert battery-specific language ("did beat, wound, and ill treat"), but the trial court released the defendant without ruling on the prosecutor's motion. *Id.* at 360. The prosecutor sought a writ of mandamus in this Court against the circuit judge to compel the circuit court to vacate its order releasing the defendant and issue a judgment on the verdict,[3] but we held that the writ must be denied because "[i]t [was] plain that the information could not be amended so as to include the offense for which the jury convicted the [defendant]." *Id.* at 361. However, in *People v Andre*, 194 Mich 524 (1917), the defendant was charged with assault with intent to do great bodily harm less than murder, and he was ultimately convicted of assault and battery. Relying on *Turner*, we said that he could not be convicted of assault and battery if no battery was alleged in the charging document. However, we held that "[i]t does not follow . . . that the verdict must fail entirely," because "[t]he jury could not have returned a verdict of assault and battery without finding that an assault had been committed," meaning that "[t]he verdict should stand as a conviction for an assault." *Id.* at 527.

I struggle to reconcile *Turner* and *Andre*. On first glance, it appears that in *Turner*, the defendant walked free on the technicality that the jury had returned a verdict of guilty on assault *and battery*, and the narrative in the information alleged no battery as such. Yet in *Andre*, I gather that the same technical defect was in the pleadings, but we held not that the defendant would go free, but rather that the verdict would be amended to a conviction for simple assault. *Andre* also confuses me because the defendant was sentenced to 60 days in jail, *id.* at 526, and we set aside that sentence because it "was greater than is allowed in case of an assault," *id.* at 527. But 1915 CL 15220 provided that the maximum punishment for simple assault was one year in jail, which is much greater than 60 days. We cited *People v Harrington*, 75 Mich 112 (1889), in support, but I do not see how *Harrington* fits—it held that "for a conviction at the circuit of a crime within the jurisdiction of a justice [of the peace] no greater punishment can be given than could be imposed by a justice," *id.* at 113-114, and because the sentence in *Harrington* was for *four* months in jail but a justice of the peace could impose no more than *three* months, the sentence was not "wholly void" but rather capped at three months, *id.* at 114.

---

[3] Incidentally, it is also not clear to me why this argument came before this Court in the form of a complaint for mandamus against the trial court judge, rather than an appeal from the trial court's order releasing the defendant.

Given that the 60 days in *Andre* is less than the three months in *Harrington*, I do not see how *Andre* follows from *Harrington*.

A common theme of the cases that seem to insist upon a technical distinction between "assault" and "assault and battery" is that they pay little heed to the statutory text, which, as noted, imposes no different punishment for assaults and assaults paired with batteries. This appears to me to be the case in *Turner* and *Andre*, but it is not limited to them. In *People v Burk*, 238 Mich 485 (1927), the defendant was charged with assault with a dangerous weapon, and the trial judge charged the jury to determine whether, if they could not find him guilty of that, they could find him guilty of assault and battery; and, if they could not find him guilty of that, to determine whether he was guilty of simple assault. While this clearly seems to contemplate them as different crimes, it offers little insight into why the jury would need to be instructed in this fashion in light of the statutory text. I face similar confusion in *People v Kynerd*, 314 Mich 107 (1946), in which the defendant was charged with assault with a dangerous weapon, and the judge charged the jury to consider whether the defendant was either guilty as charged, guilty of assault and battery, or not guilty. He was convicted as charged, but he argued on appeal that the judge should have given the jury the option of convicting him of assault and battery. We rejected his argument, but again did little to analyze the actual statutory text.

Of course, perhaps there is a reason these cases did not engage with the statutory text. It could be that the outcome in those cases turned on our use of the "cognate-pleadings" rule. If so, the results in those cases may offer us little illumination about how things should work today—although to decide that with confidence, it would be helpful to learn how and when we moved away from our prior practices in charging defendants with crimes. Perhaps we would learn instead that the older cases are applicable to today, but some of them were simply wrong when they were decided—for example, perhaps *Turner* and *Andre* are not reconcilable. Or perhaps there are appropriate analogies to draw—for example, if in *Andre* the defendant's conviction of assault and battery could be amended to a simple assault, perhaps we can conclude that where (as here) a defendant asks for an assault and battery instruction when a simple assault instruction may have been more precise, that should not be fatal to his appeal. Then again, maybe *all* of these cases are flawed—not just *Turner* and *Andre*, but also *Burk* and *Kynerd*—for not having been as attentive to the statutory text as we are now. Maybe there is a ghost in this particular law machine that I simply have not identified which connects these dots in some other fashion. I have no particular view on what the "right" answer is—but I believe that for this Court to find that answer, we will benefit from assistance answering these questions.

ZAHRA, J. (*concurring in part and dissenting in part*).

I concur with the majority's decision to accept, without deciding, the prosecution's concession that assault and battery[4] is a lesser included offense of assault with intent to commit murder.[5] I also concur with the majority's determination that "a rational view of the evidence supported a conviction for assault and battery." I write separately to express my opinion that the case should be remanded to the Court of Appeals for a determination as to whether the trial court's instructional error was harmless.

In this case, the Court of Appeals, in a split decision, held that "[b]ecause of the brutality of the assault, no rational view of the evidence could support a finding of simple assault and battery."[6] Having made this determination, the majority concluded "that the trial court did not err by refusing to give an instruction on assault and battery."[7]

Under this Court's guidance in *People v Cornell*, if an instruction on a lesser included offense should have been given to the jury at trial, but was not, reversal is not warranted unless the instructional error was not harmless.[8] This Court explained that even if a jury should have been given a requested instruction, a trial court's error in failing to give the instruction is not grounds for reversal of criminal convictions unless the error was " 'outcome determinative' because it undermined the reliability of the verdict," stating:

> [T]he reliability of the verdict is undermined when the evidence "clearly" supports the lesser included instruction, but the instruction is not given. In other words, it is only when there is substantial evidence to support the requested instruction that an appellate court should reverse the conviction. As we must consider the "entire cause" pursuant to MCL 769.26, in analyzing this question, we also invariably consider what evidence has been offered to support the greater offense.
>
> Also, it is important to note that this "substantial evidence" standard for determining whether reversal is required on the basis of an instructional error differs from the standard for determining whether the error occurred. As discussed, an evidentiary dispute supported by a rational view of the evidence regarding the element that differentiates the lesser from the greater offense will generally require an instruction on the lesser offense. However, more than an evidentiary dispute regarding the element that differentiates the lesser from the greater offense is required to *reverse* a

---

[4] MCL 750.81(1).

[5] MCL 750.83.

[6] *People v Haynie*, 327 Mich App 555, 563 (2019).

[7] *Id*.

[8] *People v Cornell*, 466 Mich 335, 363-365 (2002).

conviction; pursuant to MCL 769.26, the "entire cause" must be surveyed.[9]

Because a majority of this Court has indicated its belief that a rational view of the evidence supported the requested instruction on assault and battery, it may be said that the Court of Appeals majority erred in its holding to the contrary. But neither the Court of Appeals majority nor the dissenting judge, for that matter, applied the second step of the *Cornell* analysis *at all*.[10] Thus, at this juncture, a majority in this Court has decided the harmless-error question without any prior appellate review from the Court of Appeals. The decision to remand the case to the trial court is therefore, in my view, premature.

The majority cites this Court's decision in *People v Silver*,[11] seemingly as support for the notion that this Court can simply make a determination as to whether instructional error of this kind undermines the reliability of the verdict without prior appellate review. But even in that case, the Court of Appeals devoted *some* analysis to whether the instructional error involved constituted harmless error.[12] This is not the case here. In the instant matter, absolutely no prior appellate review as to whether the instructional error at issue was harmless has taken place. And, given the nature of the facts under review, I am hard-pressed to conclude, as the majority has, that the trial court's failure to provide a jury instruction on assault and battery undermined the reliability of the verdict, entitling defendant to a new trial.

Moreover, I am not satisfied by the majority's response that *Cornell*, itself, supplies "ample precedent" for this Court's undertaking of the harmless-error issue without prior appellate review. I acknowledge that the Court of Appeals, in *Cornell*, did

---

[9] *Id.* at 365-366.

[10] See *Haynie*, 327 Mich App at 563; *id.* at 571-572 (GLEICHER, J., dissenting).

[11] *People v Silver*, 466 Mich 386 (2002).

[12] *People v Silver*, unpublished per curiam opinion of the Court of Appeals, issued May 23, 2000 (Docket No. 212508), pp 2-3, rev'd 466 Mich 386 (2002). Admittedly, the Court of Appeals in *Silver* assessed the harmlessness of the instructional error not via the *Cornell* "substantial evidence" test, but rather by the standard set forth by this Court in *People v Lukity*, 460 Mich 484, 496 (1999): "whether it is more probable than not that a different outcome would have resulted without the error." *Silver*, unpub op at 2. This is likely because the Court of Appeals decided *Silver* more than two years before this Court's decision in *Cornell*. Nevertheless, the point remains that when this Court addressed the issues presented in *Silver*, it did so *after* the Court of Appeals had already given some measure of discussion to whether the instructional error under review was harmless.

not consider whether any instructional error was harmless.[13] But at the time, Michigan jurisprudence lacked uniformity as to the correct analysis applicable to claims of instructional errors involving lesser included offenses.[14] This Court was accordingly tasked with clarifying the proper analytical framework in the first instance.[15] It is not at all remarkable or surprising that the Court of Appeals failed to apply a harmless-error analysis when the rules governing the outcome of the case were as of yet unclear. Further, as the majority points out, this Court *denied the defendant a new trial* in *Cornell*.[16] I question whether this Court would have addressed the harmless-error issue without prior appellate review if it had determined—as the majority has in the instant matter—that the defendant might have shown that he was entitled to a new trial.

I would reverse that part of the Court of Appeals' judgment addressing jury instructions and would remand the case to the Court of Appeals for consideration of whether the trial court's instructional error was harmless under this Court's guidance in *Cornell*.

MARKMAN, J. (*dissenting*).

As with the majority, I accept the prosecutor's concession that assault and battery constitutes a necessary lesser included offense of assault with intent to commit murder (AWIM) and assault with intent to do great bodily harm (AWIGBH). However, I respectfully disagree that defendant here was entitled to an instruction on mere assault and battery and that both the trial court and the Court of Appeals erred by understanding differently. I further disagree with the Court's decision to reach the harmless-error issue rather than remanding to the Court of Appeals for initial consideration of this issue.

An instruction on a lesser included offense is proper "if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357 (2002). For a rational view of the evidence to support the lesser offense, there must be conflicting evidence on the element that varies in degree between the charged offense and the lesser included offense. *Id.* at 361. The element in dispute between the three aforementioned offenses is the extent of apprehension or injury

---

[13] See *People v Cornell*, unpublished per curiam opinion of the Court of Appeals, issued November 2, 1999 (Docket No. 211215), p 3, rev'd in part 466 Mich at 361.

[14] *Cornell*, 466 Mich at 353 ("[M]any of our more recent decisions concerning lesser included offenses have disregarded the statute and much of the older case law. Having done so, we now must decide how to reconcile these divergent approaches to lesser included offense instructions.").

[15] *Id.* at 353-361.

[16] *Id.* at 367.

intended by the defendant. For an assault and battery, a defendant need only intend "either to commit a battery upon [the complainant] or to make [the complainant] reasonably fear an immediate battery." M Crim JI 17.2(3). Meanwhile, the offenses of AWIM and AWIGBH require respectively, as their names suggest, a showing that defendant "intended to kill the person he assaulted" or "intended to cause great bodily harm." M Crim JI 17.3(4), 17.7(4). "Great bodily harm means any physical injury that could seriously harm the health or function of the body." M Crim JI 17.7(4).

The trial court concluded that a rational view of the evidence did not support defendant's having possessed only an intent to commit a battery or place the victim in fear of a battery. And this Court reviews such a determination for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113 (2006) ("[A] trial court's determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion.") (quotation marks and citation omitted). " 'An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes.' " *People v Anderson*, 501 Mich 175, 182 (2018), quoting *People v Seewald*, 499 Mich 111, 116 (2016).

After review of the evidence, I cannot agree that the trial court abused its discretion. "Intent to cause serious harm can be inferred from the defendant's actions, including the use of a dangerous weapon or the making of threats." *People v Stevens*, 306 Mich App 620, 629 (2014). The injuries a victim sustains are also indicative of a defendant's intent to injure. *Id.*; see also M Crim JI 17.7(4) ("Actual injury is not necessary, but if there was an injury, [the jury] may consider it as evidence in deciding whether the defendant intended to cause great bodily harm."). Here, moments before commencing his attack on his 76-year-old mother, defendant stated that he "was going to have to twist [her] arms into knots and lift [her] up and shake [her] until he got Lucifer to let go." Thereafter, defendant picked the victim up by the arms and shook her violently. While the victim was calling the police, defendant punched the victim with such force as to knock her unconscious with a single blow. And then, while the victim lay unconscious, defendant retrieved a "fairly heavy" wooden and metal bar with horseshoes welded onto it and struck the victim with sufficient force to crack and splinter the bar. As a result of the attack, the victim suffered two broken arms, a 4-centimeter cut near her eye, a fracture to her C6 vertebra, and a 10-centimeter laceration to her head. The police found the victim covered in blood, and the head laceration was of sufficient severity to necessitate paramedics inserting 17 staples into the victim's head on the scene. Finally, as a result of these injuries, the victim was in intensive care for several days, in the hospital for two weeks, and in a nursing home/rehabilitation center for several months.

Under these circumstances, I cannot agree that the trial court reached a decision "outside the range of principled outcomes" when it determined that a rational view of the evidence did not support defendant intending a mere battery or placing the victim in fear of a mere battery. Most significantly, defendant's use of the wooden and metal bar, after

having rendered the victim unconscious, signifies a clear intention to "seriously harm the health or function of the [victim's] body."  M Crim JI 17.7(4).

Defendant in opposition cites two pieces of evidence.  First, he points to the victim's own testimony that she did not believe that defendant intended to cause her great bodily harm.  Although this testimony certainly suggests a lesser intention, it is subjective and speculative (not to mention that the most severe of defendant's predations occurred after he had rendered the victim unconscious) and the trial court was not obliged to have found this testimony to be of determinative value.[17]  Second, he points to the testimony of three experts who testified as to his mental health, with two of these opining that defendant was legally insane at the time of the offense.  While this testimony certainly afforded the jury a basis-- arguably a strong basis-- for concluding that defendant could not form any criminal intent, these expert opinions were ultimately rejected by the jury.  Moreover, they cannot serve as a legal basis for concluding that defendant possessed a *lesser* criminal intent.  For this Court has concluded that the Legislature,

> by enacting a comprehensive statutory scheme setting forth the requirements for and the effects of asserting a defense based on either mental illness or mental retardation, . . . has signified its intent not to allow a defendant to introduce evidence of mental abnormalities *short of legal insanity* to avoid or reduce criminal responsibility by negating specific intent.  [*People v Carpenter*, 464 Mich 223, 226 (2001) (emphasis added).]

In other words, "the Legislature has created an all or nothing insanity defense." *Id*. at 237.  And where this defense enables a jury to conclude that a defendant is *devoid* of criminal liability upon a finding of insanity, it does not allow a *lessening* or *diminishing* of the defendant's specific intent based upon his or her mental condition.  Thus, the trial judge herself would clearly have erred had she relied upon defendant's mental health issues and claims of insanity to conclude that a rational view of the evidence supported the finding that defendant intended merely to batter the victim.  Neither of the pieces of evidence relied upon by defendant gives rise to a reasonable conflict that would transform the trial court's exercise of judgment into an "abuse of discretion."

---

[17] Similarly, because defendant's attack was apparently a "spur of the moment" action and his sister was not present to witness it, the trial court was not obliged to accept that her testimony as to the relationship between the defendant and the victim was particularly relevant to the court's assessment of what had taken place.

For the above reasons, I respectfully disagree that the trial court here abused its discretion by concluding that a rational view of the evidence did not support instructing the jury on mere assault and battery. Accordingly, I would affirm defendant's conviction.

However, even if I were to agree with the majority that the trial court abused its discretion by concluding that a rational view of the evidence did not support instructing the jury on assault and battery, I would dissent nonetheless from this Court's decision to reach the issue of whether the trial court's failure to instruct the jury on assault and battery constituted harmless error. Not only do I concur with the observations in this regard in Justice ZAHRA's statement, but I also question whether this issue is even properly before this Court. Our grant order identified two questions for review: "(1) whether assault and battery is a necessarily included offense of assault with intent to commit murder; and if so (2) whether a rational view of the evidence in this case could support a conviction for assault and battery." *People v Haynie*, 504 Mich 974, 974 (2019). The order clearly did not identify the harmless-error issue as one for review, and thus the majority's reliance on the fact that we reached the same issue in *Silver* and *Cornell*, despite the same lack of review below, is misplaced because our orders in both of those cases expressly identified for review whether any error in failing to provide a lesser-included-offense instruction was harmless. *People v Silver*, 463 Mich 959 (2001); *People v Cornell*, 463 Mich 958 (2001).

For the stated reasons, I respectfully dissent from the Court's determination that the trial court abused its discretion by not instructing the jury on the offense of assault and battery. And I further dissent from its decision to reach the issue of whether any error in failing to instruct the jury on assault and battery was harmless rather than remanding to the Court of Appeals for initial consideration of this issue.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 5, 2020



Clerk

t0603