ENGELBERT J. HERBES v. STATE OF NEBRASKA.

FILED OCTOBER 16, 1907. No. 15,204.

Disorderly Conduct: INFORMATION. An information for an offense made criminal by statute or ordinance must charge every element of the offense as defined by the statute or ordinance.

ERROR to the district court for Cedar county: ANSON A. WELCH, JUDGE. *Reversed and dismissed.*

*C. B. Willey,* for plaintiff in error.

*W. T. Thompson, Attorney General, Wilbur F. Bryant* and *R. H. Hagelin, contra.*

DUFFIE, C.

An ordinance of the village of Randolph is in the following words: "All persons participating in riots, disturbances, and disorderly assemblies; all persons fighting, or offering to fight, or conducting themselves in a disorderly or indecent manner; all persons using vulgar, profane or indecent language in a public place to the annoyance of others; all persons found in a state of intoxication in the village of Randolph, Nebraska, shall, upon

conviction thereof, be fined not less than $5 nor more than $75, and costs of prosecution, and shall stand committed to the village jailor to the county jail of Cedar county, Nebraska, until the fine and costs are paid." Engelbert Herbes, the plaintiff in error, was informed against under this ordinance. The information was in two counts. The first charging that on February 10, 1907, he was found in a state of intoxication within said city of Randolph. The charging part of the second count is in the following words: "That E. J. Herbes, full and Christian name unknown, late of said county, at and within said city of Randolph, and in the county of Cedar, and state of Nebraska, on, to wit, the 10th day of February in the year of our Lord one thousand nine hundred seven, did conduct himself in a disorderly and indecent manner, and did then and there use vulgar, profane and indecent language in a public place, to wit, on the streets of said city of Randolph, contrary to the form of statute in such case made and provided, and against the peace and dignity of the state, and contrary to the form of the ordinance of the city of Randolph in such case made, ordained and provided, and against the peace and dignity of the city of Randolph." He was convicted on the charge made in the second count, and from the fine assessed by the court he has taken error to this court.

The second count of the information is an attempt to charge him with a violation of the ordinance in using vulgar, profane or indecent language, and it is defective in omitting one element of the offense as defined by the ordinance, to wit, the use of such language "to the annoyance of others." The authorities are uniform that in an information for a statutory offense the information must charge, and the evidence show, every element of the crime. *Gilbert v. State*, 78 Neb. 636, and authorities there cited. We are clear that the second count of the information did not charge an offense, and that the objection to any evidence in support thereof should have been sustained.

56

For the errors above pointed out, we recommend a reversal of the judgment and a dismissal of the action.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the case dismissed.

REVERSED.