FRANK A. BARTON V. STATE OF NEBRASKA.

FILED FEBRUARY 13, 1924.   No. 23746.

1. **Information:** ESSENTIAL AVERMENTS.  To charge a statutory offense, the information must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute, or its equivalent.

2. **Forgery:** MATERIAL AVERMENTS.  In a prosecution for unlawful possession of a forged instrument under section 9683, Comp. St. 1922, the possession, "with intent to utter and publish as true and genuine," is a material element of the offense, and must be charged in the information.

3. **Bill of Exceptions:** EXTENSION OF TIME.  Where a party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure settlement and allowance of same within the time allowed by the statute, it is competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time allowed by statute therefor.  Laws 1923, ch. 114.  Where diligence not shown, *held*, application for extension of time properly denied.

ERROR to the district court for Lancaster county: WILLARD E. STEWART, JUDGE.  *Reversed.*

*W. W. Towle* and *Francis V. Robinson,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., ELDRED and REDICK, District Judges.

ELDRED, District Judge.

The defendant was prosecuted in the district court for

Lancaster county for having the unlawful possession of a forged instrument. The information charges:

" That Frank A. Barton, late of the county aforesaid, on or about the 28th day of April, A. D. 1923, in the county of Lancaster, and the state of Nebraska, aforesaid, then and there being, did then and there unlawfully, feloniously and knowingly have in his possession and custody a certain false, forged, and counterfeited bank check for the payment of money which is in the words and figures following, to wit: 'Chicago, Illinois, Apr. 25, 1923. No.————. State Bank of Chicago 2-18, Member Federal Reserve System. Pay to the order of Frank A. Barton, $75.00, seventy five dollars —only—, dollars. R. J. Goodrich. Accepted Apr. 25, 1923, State Bank of Chicago, by A. J. Lindstrom'—with the intent then and there, and thereby to prejudice, damage or defraud person or persons, body politic or corporate, he, the said Frank A. Barton, knowing the same to be falsely made, forged and counterfeited."

From a verdict of guilty and judgment thereon, defendant brings the case to this court for review.

It is contended on the part of defendant that the information is fatally defective in failing to charge either that the possession of the check was with an intent to utter and publish the same as true and genuine, or that such possession was for the purpose of bartering, selling or disposing thereof. From the condition of the record it is difficult to definitely determine under what section of law the information was filed; but probably under section 9683, Comp. St. 1922. That is the section on which the trial court instructed the jury. Section 9683, in so far as it might apply to this case, provides:

"Whoever * * * shall have in his possession with intent to utter and publish as true and genuine, any of the above named false, forged, counterfeited, falsely printed or photographed matter, above specified and described, knowing the same to be false, altered, forged, counterfeited, falsely printed or photographed, with intent to prejudice, dam-

age or defraud any person or persons, body politic or corporate, shall," etc.

The material elements of the offense of the unlawful possession of a forged instrument under the foregoing section are: (1) Possession, with intent to utter and publish as true and genuine, of the forged instrument, (2) knowing the same to be false, forged or counterfeited, (3) with intent to prejudice, damage or defraud any person or persons, body politic or corporate.

It will be observed that the information in the case at bar does not allege that the possession was "with intent to utter and publish as true and genuine," nor any words equivalent thereto.

To charge a statutory offense the information must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent. *Newby v. State,* 75 Neb. 33; *Altis v. State,* 107 Neb. 540; *Hase v. State,* 74 Neb. 493; *Gaweka v. State,* 94 Neb. 53; 26 C. J. 955, sec. 107; 15 C. J. 361, sec. 25.

Some suggestion has been made that the information may have been filed under section 9684, Comp. St. 1922. That could in no manner relieve the present situation. It is possible that section 9684 was intended to cover possession of dies, plates and such instruments as might be used for the purpose of engraving, forging or counterfeiting, and not to cover instruments of the character involved in this case. But, should it be construed to apply in a case of this character, it would merely emphasize the materiality of the element of the offense omitted from the information. The elements of the offense under the two sections referred to, so far as they might be construed to apply to possession of forged instruments, are practically the same, with the exception that in section number 9683 the possession must be "with intent to utter and publish as true and genuine;" while in section number 9684 the possession must be "for the purpose of bartering, selling or disposing thereof." The penalty provided in the two sections is materially different.

It will be seen that the intent and purpose of the possession, that is, the particular fraudulent purpose or intent of the accused, is the distinguishing feature of the two sections, as to the elements of the crime defined. Through it alone it must be determined whether the accused, if convicted, may be confined in the penitentiary from one to twenty years with a fine of $500, as provided by section 9683, or be confined from six months to ten years with a fine of $1,000, as provided by section number 9684. It would seem that under the last named section one of the material elements of the offense is that the possession must have been "for the purpose of bartering, selling or disposing thereof;" and the information in the case at bar does not contain such an allegation, or any allegation of the same import and meaning. Furthermore, the trial court did not instruct the jury on that section; although the sentence pronounced appears to have been under the latter section.

Counsel for state urges that under the rule announced in *Nichols v. State*, 109 Neb. 335, the information is sufficient. There is nothing said in that case that could be construed as holding that it was not necessary to state in the information all the essential elements of the offense. In that case it is said, with reference to charging the offense involved therein; "Any properly verified information may be held sufficient, if it states the name and the authority of a qualified informer and facts constituting every element of murder in the first degree as defined by statute."

We are not unmindful of the provisions of section 10186, Comp. St. 1922; but that section does not obviate the necessity of alleging in the information every material element of the alleged offense, and thus advise the accused of the charges which he may have to meet. This was a substantial right to which the accused was entitled. The sufficiency of the information was raised in due time in the district court by a motion to quash, and by demurrer. The demurrer should have been sustained.

Complaint is made that the court erred in refusing to grant 40 days additional time for serving bill of exceptions

after the expiration of 40 days originally allowed. The bill of exceptions was ordered of the official reporter only a few days before the original 40 days allowed had expired. On the day following the ordering of the bill of exceptions, application was made for extension of time. No showing of diligence was made. Chapter 114, Laws 1923, provides:

"In cases where a party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time herein allowed."

Under the circumstances of this case, the order of the trial court refusing to extend time for settlement of the bill of exceptions was proper.

For the reasons herein set forth, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.