Bundy v. State.

## FRED BUNDY V. STATE OF NEBRASKA.

FILED DECEMBER 8, 1925.   No. 24699.

1. **Kidnapping:** CONSENT. Section 9561, Comp. St. 1922, construed, and *held*, that the gist of the crime of taking, carrying, decoying, or enticing away any child under the age of eighteen, with intent unlawfully to detain or conceal such child from its parent or parents or guardian, is the malicious or forcible or fraudulent removal of such child from the custody of its legal custodian, and consent of the child to such removal is immaterial, and does not constitute a defense.

2. ———: INSTRUCTIONS. The information and plea of not

guilty formulate the issue, and the instructions should conform thereto.

ERROR to the district court for Jefferson county: ROBERT M. PROUDFIT, JUDGE. *Reversed.*

*E. A. Wunder* and *Harry W. Fouts,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

In the district court for Jefferson county an information was lodged in apt terms charging that the defendant, Fred Bundy, on the 28th of October, 1924, "did unlawfully, maliciously and fraudulently take and carry away Hazel Vandervoort, a child under the age of eighteen years, with intent, unlawfully to detain said Hazel Vandervoort from Harry Vandervoort and Mrs. Harry Vandervoort the parents of said child, having the lawful charge of said Hazel Vandervoort." On this information defendant was arraigned and pleaded not guilty, tried to a jury, found guilty, and sentenced to one year in the reformatory, to reverse which error is prosecuted, presenting as grounds therefor the following: The court erred in refusing to give instructions Nos. 1, 3, 5, and 6, respectively, offered by defendant, and in giving instructions Nos. 6, 7, 8, 9, 14, 23, and 24, each alleged error being separately stated and presented. The court erred in excluding competent testimony offered by defendant. The verdict is contrary to the evidence and not sustained thereby.

Section 9561, Comp. St. 1922, under which this action is prosecuted, is as follows:

"Whoever maliciously or forcibly or fraudulently leads, takes or carries away or decoys or entices away any child under the age of eighteen years, with intent unlawfully to detain or conceal such child from its parent or parents or guardian or other person having the lawful charge of such

child, shall be imprisoned in the penitentiary not more than twenty years nor less than one year."

Taking up the first assignment of alleged error, we find that the instructions offered by defendant, and refused, each embodied the theory that the child's will and desire were material to a determination of the issues.  The gist of such crime is the malicious or forcible or fraudulent removal of such child from the custody of its legal custodian, with intent unlawfully to detain or conceal it from such custodian, hence consent of such child is immaterial and does not constitute a defense.  In *Gould v. State,* 71 Neb. 651, it is said in the body of the opinion that the fact that the prosecutrix consented to leave her parents with the accused is immaterial.  To the same effect, see 1. C. J. 286, sec. 9; *People v. Cook,* 61 Cal. 478; *State v. Bussey,* 58 Kan. 679.

In instructions Nos. 9 and 14, the court uses the word "conceal" in addition to the word "detain," thus giving rise to an issue not presented by the information.  In such case the language of the information should be followed, as it and the plea thereto formulate the issue to be determined, and it is error to impose an extra or different burden on defendant.  As it will be remembered, the information charges that defendant "did unlawfully, maliciously and fraudulently take and carry away Hazel Vandervoort."  In instruction No. 24 the court charges that, if the jury find beyond a reasonable doubt that defendant took and carried away Hazel Vandervoort "intentionally and wilfully and without any legal justification or excuse and with intent to detain or keep her from her parents, you will find for the state and will find defendant guilty."  The word "wilfully" does not appear in either the statute above quoted or in the information.  Wilfully is not a synonym of unlawfully or maliciously or fraudulently.  Bouvier in his Law Dictionary defines wilfully as "distinguished from maliciously in not implying an evil intent. * * * It implies that the act is done knowingly and of stubborn purpose, but not with malice."  By giving this instruction, the court required less

proof in order to warrant a conviction than that required by the statute, and the giving thereof is reversible error.

Since we have held that the consent of the child could not avail as a defense, and that evidence thereof is immaterial to the issues joined, it is elementary that the exclusion of the proffered testimony to that effect is not error.

We have considered the other alleged errors presented; but, in view of the conclusion reached, it is unnecessary to discuss them. The judgment of the district court is reversed and the cause is remanded.

REVERSED.

Note—See Abduction, 1 C. J. sec. 9; Kidnapping, 8 R. C. L. 297; 35 C. J. sec. 8.