## LYNN A. PECKHAM V. STATE OF NEBRASKA.

FILED MARCH 23, 1929. No. 26747.

*Laflin & Laflin,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK, District Judge.

REDICK, District Judge.

Defendant was convicted under an information charging him with forcibly and fraudulently taking and enticing away "one Doris Parish, a minor child under the age of eighteen years, to wit, of the age of fourteen years, from the home of Doris Parish, with the intent of him, the said Lynn A. Peckham, to unlawfully, maliciously, and feloniously take and conceal said child from Henry Parish and Mrs. Henry Parish, the grandfather and grandmother respectively of the said Doris Parish," and was sentenced to the penitentiary for not less than one nor more than three years. Defendant prosecutes error to this court.

A large number of errors have been assigned, but one only will be considered as it necessitates a reversal of the judgment. The prosecution was had under section 9561, Comp. St. 1922, which reads as follows:

"Whoever maliciously or forcibly or fraudulently leads, takes or carries away or decoys or entices away any child

under the age of eighteen years, with intent unlawfully to detain or conceal such child from its parent or parents or guardian or other person having lawful charge of such child, shall be imprisoned in the penitentiary not more than twenty years nor less than one year."

It will be noted that this statute denounces two crimes, one being with intent to detain, and the other with intent to conceal. This follows from the use of the disjunctive conjunction "or" in describing the crimes. The defendant was charged only with intent to conceal.

The trial court properly stated the charge in the first instruction to the jury, and in the fourth instruction quoted the statute as above set out, omitting the punishment, and these instructions are not subject to criticism; but by the eighth instruction the jury were told: "You are instructed that the state is not required to prove for how long a time the defendant did intend to detain or conceal said Doris Parish, if you so find. It will be sufficient on that point if the evidence establishes beyond a reasonable doubt that defendant intended to detain or conceal Doris from her grandparents for any period of time." The intent to "detain" or "conceal" is again referred to in instructions Nos. 5, 10, and 14,.

Instruction No. 12, was as follows: "The jury are instructed that it is not necessary for the state to establish beyond a reasonable doubt that in enticing Doris Parish away, if the defendant did entice her away, the defendant did intend then and there and thereby both to detain and conceal Doris Parish from her grandfather and grandmother, but if you believe that it was the intention of the defendant, from all of the evidence beyond a reasonable doubt, in enticing Doris Parish away, if he did entice her away, to then and thereby either unlawfully detain or conceal her from her grandfather and grandmother unlawfully and feloniously, then you would be warranted in finding the intent as charged in the information."

It thus appears that the jury were instructed that they might convict the defendant of either detaining or con-

cealing Doris Parish, whereas the information charged him only with concealing.

In *Bundy v. State,* 114 Neb. 121, we held that, where the information under this statute charged the defendant with detaining the child and the instructions of the court used the word "conceal" in addition to the word "detain," an issue was presented which was not in the information, and the case was reversed on that ground. We think this case cannot be distinguished from *Bundy v. State, supra,* but is ruled thereby. It follows that the judgment must be and is reversed and the cause remanded.

REVERSED.