IN RE APPLICATION OF JOSEPH S. FLANDERS FOR WRIT OF
HABEAS CORPUS.
JOSEPH S. FLANDERS, APPELLANT, v. E. C. KAVANAUGH,
SHERIFF, APPELLEE.

FILED MAY 9, 1930. No. 27278.

*Wagner & Wagner,* for appellant.

*Emil F. Luckey, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBER-
LY and DAY, JJ., and THOMSEN, District Judge.

DAY, J.

Joseph S. Flanders was found guilty of assault and bat-
tery. He seeks a writ of habeas corpus and appeals from
the order of the trial court denying it. The information
upon which Flanders was tried charges that he unlawful-
ly, feloniously and maliciously made an assault upon one
with a certain pistol and shot him with intent to kill or
wound. Does the information include and charge a simple
assault and battery?

To charge a statutory offense, the information must con-
tain a distinct allegation of each essential element of the
crime as defined by the law creating it, either in the lan-
guage of the statute, or its equivalent. *Nichols v. State,* 109
Neb. 335; cited with approval in *Morris v. State,* 109 Neb.
412, and *Barton v. State,* 111 Neb. 673. The general rule
is that on an indictment for an offense, where some of its
essential elements constitute a lesser crime, the information
may include and charge the lesser offense. But the appel-
lant contends that the holding of the court in *Tasich v.*

*State,* 110 Neb. 709, is controlling here. In that case we said that, under an information charging defendant with shooting another person with intent to kill, such defendant cannot be convicted of an assault with intent to do great bodily harm, because the section of the statute defined several distinct independent offenses of equal rank, no one of which is embraced within the other. This rule is not controlling of the instant case, since assault and battery is not an independent substantive crime of equal rank with shooting with intent to kill or wound. It is a lesser crime, and may be included and charged in the information for the greater offense.

The information in this case charges the essential elements of the crime of assault and battery. "An indictment alleging an assault of such a character as would support a charge of assault with intent to kill with a wooden club, if it described the club as a deadly weapon, will, when those terms are omitted, support a conviction for assault and battery." *Kruger v. State,* 1 Neb. 365. *Mulloy v. State,* 58 Neb. 204, holds that an information charging assault with intent to commit great bodily injury will sustain a conviction for assault and battery.

We are not unmindful that this court has held in *Morgan v. State,* 51 Neb. 672, that a count in an information charging killing in perpetration of a rape upon the person of deceased charges murder in the first degree, and does not include the lesser offenses of second degree murder and manslaughter. In *Rhea v. State,* 63 Neb. 461, we examined *Morgan v. State, supra,* and adhered to it. Likewise, in *Thompson v. State,* 106 Neb. 395, a charge of homicide committed in the perpetration of a robbery charges only murder in the first degree. The rule in these foregoing cases is grounded upon the fact that the turpitude of the act is in these exceptional cases made by statute to supply the place of deliberate and premeditated malice, while a purpose to kill is conclusively presumed from the intention which is the essence of the enumerated felonies. For a full and complete analysis of these cases, see *Davis v.*

*State,* 116 Neb. 90. In the *Davis* case, defendant was charged with homicide by administration of poison. The trial court in that case refused by its instructions to submit to the jury for their consideration the question of defendant's guilt of the lesser offenses. The general rule given in that case is: "Such an instruction is proper only when applicable to the evidence and where the evidence would justify a verdict of guilty of the lesser offense. If the evidence is such as to warrant only a verdict of the greater offense, or one of not guilty, then it is not proper to give such an instruction."

While there are cases *contra,* notably *State v. Foster,* 150 La. 971, it is generally held that an indictment for assault with intent to kill includes the offense of assault and battery. 31 C. J. 862. Where, as in this case, the information charges one with an assault with an intent to kill or wound, and that he shot another with a pistol, it includes and charges an unlawful assault with the minuteness necessary to sustain a conviction of the lesser crime of assault and battery. It therefore follows that the judgment of the trial court should be, and is,

AFFIRMED.