EDGAR DUTIEL V. STATE OF NEBRASKA.

284 N. W. 321

FILED FEBRUARY 24, 1939. No. 30383.

*O. M. Olsen* and *John M. Berger,* for plaintiff in error.

*Richard C. Hunter, Attorney General,* and *Edwin Vail, contra.*

*Swarr, May & Royce, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

On January 19, 1938, a complaint was filed against the plaintiff in error, hereinafter referred to as the defendant, in the municipal court of Omaha, Douglas county, Nebraska, in which it was charged that "Edgar Dutiel on or about the 15 day of January, A. D. 1938, in the county aforesaid and within the corporate limits of the City of Omaha aforesaid, then and there being did violate Section 28-813, Compiled Statutes of Nebraska, for 1929 in that he did unlawfully loiter about, patrol, beset and picket, by means of carrying banners upon his person, and walking to and fro on the sidewalk in front of the place of business of Phillip Greenberg, located at 4935 South 24th Street, Omaha, Nebraska, where said Phillip Greenberg was engaged in a lawful business, for the purpose of inducing and influencing and attempting to influence and induce others not to trade with, buy from and have business dealings with said Phillip Greenberg, so that thereby the said lawful business

of the said Phillip Greenberg was obstructed and interfered with, contrary to the Statutes of the State of Nebraska, in such cases made and provided and against the peace and dignity of the State of Nebraska."

In the municipal court the defendant failed to plead; a plea of not guilty was entered by the court; and the defendant was tried, convicted, and sentenced to pay a fine of $10 and costs of prosecution.

An appeal was taken to the district court for Douglas county. The original complaint was refiled in that court. The defendant filed a motion to quash the complaint, and, among others, assigned the following reason therefor: "Because all of the acts alleged to have been committed by the defendant, and all of the things done by the defendant do not constitute a violation of any statute or rule of law." The motion was overruled by the trial court.

The defendant then filed a demurrer to the complaint, "for the reason that the facts stated in said complaint and information do not constitute an offense or crime punishable by the laws of the state of Nebraska," and assigned eight additional reasons therefor, the sixth of which is as follows: "Because all of the acts alleged to have been committed by the defendant, and all of the things done by the defendant do not constitute a violation of any statute or rule of law." The demurrer was overruled by the trial court.

The defendant was then arraigned. He refused to plead, and the court entered a plea of not guilty. A trial by jury was waived. The case was submitted to the court on "a stipulation of the facts in controversy in this case." No other evidence was offered.

The defendant was found guilty, fined $10, and ordered to pay the costs of prosecution. Thereupon the defendant filed a motion for a new trial for the following reasons among others:

"The court erred in overruling defendant's motion to quash the complaint and information filed herein.

"The court erred in overruling defendant's demurrer filed herein."

The motion for a new trial was overruled. The defendant, appealing to this court, in his petition in error alleges twelve errors of the trial court. We shall consider five of them, which are as follows:

"In that the verdict and judgment of the court are contrary to law."

"In that the verdict and judgment of the court are contrary to the Constitution of the State of Nebraska."

"In that the verdict and judgment of the court are contrary to the Constitution of the United States of America."

"In that the court erred in overruling defendant's motion to quash the complaint and information."

"In that the court erred in overruling defendant's demurrer to the complaint and information."

In his brief filed herein, the defendant sets out as errors relied upon for reversal substantially the same reasons assigned in his petition in error.

The complaint is based upon an alleged violation of section 28-813, Comp. St. 1929. In that act the legislature provided: "It shall be unlawful for any person or persons, singly or conspiring together,"

*To do certain acts,* which are: "To loiter about, beset, patrol, or picket in any manner the place of business or occupation of any person, firm, or corporation engaged in any lawful business or occupation, or any street, alley, road, highway or other place, in the vicinity where such person, firm or corporation may be lawfully engaged, in his, their or its work, business or occupation;"

*With certain purposes,* which are: "For the purpose of inducing or influencing, or attempting to induce or influence, others not to trade with, buy from, sell to, work for, or have business dealings with such person, firm or corporation;"

*With certain results,* which are: "So that thereby (1) the lawful business or occupation of such person, firm or corporation will be obstructed, interfered with, injured, or damaged, *and* (2) such person, firm or corporation *thereby* be induced or coerced against his, their or its will, intimi-

dated, or threatened, (a) to do something, he, they or it may legally refrain from doing, *or* (b) to refrain from doing something, he, they or it may lawfully do." (The numbers and letters in parentheses and the italics are ours.)

The following rules of construction are applied to this statute.

"In construing a statute, an imperative rule is that effect, if possible, must be given to every clause and part of the statute." *State v. Swanson,* 127 Neb. 715, 256 N. W. 872, and cases there cited.

"In this state all public offenses are statutory; no act is criminal unless the legislature has in express terms declared it to be so; and no person can be punished for any act or omission which is not made penal by the plain import of the written law. * * *

"So, too, in construing or interpreting provisions of criminal law it is to be remembered that if any doubts of the meaning exist in penal laws they ought to be construed in favor of the accused." *Lane v. State,* 120 Neb. 302, 232 N. W. 96.

"It is elementary that penal statutes are inelastic and must be strictly construed; they are never extended by implication." *Preston v. State,* 106 Neb. 848, 184 N. W. 925.

The doing of the acts, for the purposes, with the results set out in the statute are the elements of the offense.

Does the complaint herein contain a distinct allegation of each essential element of the crime as defined by the statute?

Without passing upon the sufficiency of the allegations of the complaint otherwise, it is evident that the complaint herein does not charge, nor attempt to charge, the occurrence of that element of the result of the alleged illegal acts which is set out in the following provision of the statute, which requires that such person, firm, or corporation shall *"thereby* be induced or coerced against his, their or its will, intimidated, or threatened, (a) to do something, he, they or it may legally refrain from doing, *or* (b) to

refrain from doing something, he, they or it may lawfully do." (Italics and letters in parentheses are ours.)

The above result is an essential element of the offense created by the legislature. Without the allegation in the complaint of the occurrence of that element, the offense created by the statute was not charged.

Section 11, art. I of the Constitution of Nebraska, provides: "In all criminal prosecutions the accused shall have the right * * * to demand the nature and cause of accusation."

To charge a statutory offense, the information or complaint *must* contain a distinct allegation *of each essential* element of the crime as defined by the law creating it, either in the language of the statute or its equivalent. See *Smith v. State,* 21 Neb. 552, 32 N. W. 594; *Barton v. State,* 111 Neb. 673, 197 N. W. 423; *Herbes v. State,* 79 Neb. 832, 113 N. W. 530; *Knothe v. State,* 115 Neb. 119, 211 N. W. 619; *In re Application of Flanders,* 119 Neb. 761, 230 N. W. 684.

These decisions are based upon the constitutional provision above quoted.

"The accused may demur when the facts stated in the indictment do not constitute an offense punishable by the laws of this state." Comp. St. 1929, sec. 29-1809.

"A motion to quash may be made in all cases, when there is a defect apparent upon the face of the record, including defects in the form of the indictment or in the manner in which an offense is charged." Comp. St. 1929, sec. 29-1807.

As to informations, the statute provides: "The offenses charged therein shall be stated with the same fullness and precision in matters of substance as is required in indictments in like cases." Comp. St. 1929, sec. 29-1603.

"The provisions of the criminal code in relation to indictments * * * applying * * * to motions, pleadings, trials and punishments * * * shall in the same manner and to the same extent, as near as may be, apply to informations, and all prosecutions and proceedings thereon." Comp. St. 1929, sec. 29-1604.

Section 29-1501, Comp. St. 1929 provides: "No indict-

ment shall be deemed invalid, nor shall the trial, judgment or other proceedings be stayed, arrested or in any manner affected * * * for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

In *Anthony v. State,* 109 Neb. 608, 192 N. W. 206, this court stated: "This statute was not intended to deprive accused of a substantial right, to his prejudice. Under our system of criminal law it is a substantial right of accused to have all elements of the offense for which he is prosecuted stated in the indictment or information."

Section 29-2308, Comp. St. 1929, provides: "No judgment shall be set aside * * * in any criminal case * * * for error as to any matter of pleading or procedure, if the supreme court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred."

This court in *Stowe v. State,* 117 Neb. 440, 220 N. W. 826, stated that, under this section of the statute, "The court will not ignore 'error as to any matter of pleading or procedure' in a criminal action, when thereby the constitutional rights of the accused conferred by section 11, art. I of the Constitution, have been violated by failure to give him proper notice of the 'nature and cause of accusation' against him."

This court also referred to that section of the statute in *Barton v. State,* 111 Neb. 673, 197 N. W. 423, and stated: "That section does not obviate the necessity of alleging in the information every material element of the alleged offense, and thus advise the accused of the charges which he may have to meet. This was a substantial right to which the accused was entitled. The sufficiency of the information was raised in due time in the district court by a motion to quash, and by demurrer. The demurrer should have been sustained."

The defect in this complaint is not one of technical procedure. A substantial right of the defendant is involved. This court cannot shut its eyes to the obvious failure of the

complaint to charge the commission of an offense as defined by the statute. The Constitution guarantees the right of an accused person to be so charged. The statutes of this state provide the method for its enforcement. The defendant has followed the prescribed method. This court has repeatedly protected an accused person under like circumstances. The demurrer should have been sustained by the trial court.

Both the Constitution of the United States and the Constitution of the state of Nebraska provide that no person shall be deprived of life, liberty, or property without due process of law. "Due process of law in a criminal case requires a law creating or defining the offense, a court of competent jurisdiction, *accusation in due form,* notice and opportunity to answer the charge, trial according to the settled course of judicial proceeding, and a right to be discharged unless found guilty." 12 C. J. 1202. Due process of law has been denied the defendant in this case.

Both in the printed briefs filed herein and the oral argument before this court, the parties have presented the question of the constitutionality of section 28-813, Comp. St. 1929. Before this court can rule on the question as to whether or not an act of the legislature creating a crime invades the constitutional rights of a person, it must be presented with a case where the issues and the evidence would support a conviction if the statute is valid. Here the court is not presented with such a record.

The judgment appealed from is reversed and the cause dismissed.

REVERSED AND DISMISSED.