STATE OF NEBRASKA, APPELLEE, V. CHARLES LAPLANTE, APPELLANT.
164 N. W. 2d 448
Filed January 31, 1969. No. 36972.

Yost & Yost, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Byron J. Norval, amicus curiae.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and SCHMIDT, District Judge.

WHITE, C. J.

Defendant was convicted pursuant to section 28-729.01, R. S. Supp., 1967, of unlawfully and feloniously assaulting a police officer with a dangerous weapon while the police officer was engaged in the performance of his duties. Defendant appeals this conviction and the subsequent conviction and sentencing as a habitual criminal.

Defendant seeks reversal of his conviction on three grounds: (1) The court erred in failing to instruct on the lesser and included offense of assault where the evidence conclusively showed the defendant to be intoxicated at the time of the assault; (2) there was no credible evidence to establish that defendant knew or should have known that one Officer Stack was in fact a police officer; and (3) the court erred in failing to instruct on the lesser and included offense of simple assault.

The evidence in this case is undisputed, no evidence having been offered by the defendant. Defendant was engaged in a fight wherein he had struck the first blow by slashing with a small knife the cheek of another, causing a wound that necessitated 20 stitches to close. After a short fight, two bystanders stopped the fight and were attempting to disarm defendant when two officers in civilian clothes arrived. The officers announced that they were police and ordered the defendant to drop the knife. The bystanders who were attempting to disarm defendant and the assembled spectators moved back from the scene, the defendant called one of the officers, Officer Stack, by name, then took a swipe at Officer Stack with the knife, attempted to kick him, and took a second swipe at him, whereupon both officers disarmed the defendant.

Defendant alleges that he was entitled to an instruction on a lesser charge of simple assault where the evidence shows that he was intoxicated at the time of the assault. The evidence regarding defendant's intoxication is that defendant had been intoxicated to the extent that he had a "little trouble walking" and his speech "wasn't very good" over 1 hour prior to the alleged assault. Approximately 1 hour before the assault, defendant had been beaten in a fist fight, recovered, dialed a telephone and talked with friends, and had not been seen by any one after being evicted from a bar some 45 minutes before he slashed the third party which led to the intervention by the police officers.

A portion of the rule with regard to intoxication as a defense or as reducing the degree of the crime requires that the intoxication be excessive to the extent of wholly depriving the defendant of reason. Tvrz v. State, 154 Neb. 641, 48 N. W. 2d 761. Considering the evidence most favorable to defendant, the record establishes only that defendant had been drinking beer, was under the influence of alcohol, but had reasonable control of his faculties 1 hour prior to the incident. There was no basis for an instruction on intoxication. Defendant's allegation is without merit.

Defendant next alleges that the charge should have been dismissed because there was no credible evidence to establish that defendant knew or should have known that Officer Stack was in fact a police officer. It is unnecessary to reach the issue of whether knowledge that the victim is a police officer is an essential element of the crime charged. See, United States v. Lombardozzi, 335 F. 2d 414, 10 A. L. R. 3d 826 (2d Cir., N. Y., 1964), cert. denied, 379 U. S. 914, 85 S. Ct. 261, 13 L. Ed. 2d 185; United States v. Montanaro, 362 F. 2d 527 (2d Cir., N. Y., 1966), cert. denied, 385 U. S. 920, 87 S. Ct. 233, 17 L. Ed. 2d 144; United States v. Wallace, 368 F. 2d 537 (4th Cir., Va., 1966), cert. denied, 386 U. S. 976, 87 S. Ct. 1169, 18 L. Ed. 2d 136; United States v. Heliczer, 373 F. 2d 241 (2d Cir., N. Y., 1967), cert. denied, 388 U. S. 917, 87 S. Ct. 2133, 18 L. Ed. 2d 1359. Any error is to the benefit of the defendant. Defendant was charged with knowledge and the jury was so instructed. The evidence regarding this allegation, which evidence is not contradicted, is that upon arriving at the scene, the officers announced once, if not twice, that they were police. The two men who were grappling with defendant withdrew and the crowd of spectators stepped back. Defendant paused and called Officer Stack by name before the assault. Further, the defendant had known Officer Stack when they were in high school and they had worked together on construction work. Certainly,

there was credible evidence that defendant knew or should have known that he was assaulting a police officer.

Defendant's last assignment of error is the failure of the trial court to instruct on the offense of simple assault. Such an instruction is not mandatory where the evidence is conclusive of the guilt of the defendant. Mantell v. State, 141 Neb. 15, 2 N. W. 2d 586; Moore v. State, 147 Neb. 390, 23 N. W. 2d 552. Further, in Davis v. State, 116 Neb. 90, 215 N. W. 785, this court stated the general rule in the following language: "Such an instruction is proper only when applicable to the evidence and where the evidence would justify a verdict of guilty of the lesser offense. If the evidence is such as to warrant only a verdict of the greater offense, or one of not guilty, then it is not proper to give such an instruction." See, also, In re Application of Flanders, 119 Neb. 761, 230 N. W. 684; Olney v. State, 169 Neb. 717, 100 N. W. 2d 838. The evidence in the present case is such that defendant is either guilty of the crime charged or not guilty. The trial court did not err in failing to instruct on the lesser offense.

The judgment of the district court is correct and is affirmed.

AFFIRMED.

McCown, J., dissenting.

The first count of the information charged the defendant with feloniously and maliciously stabbing Jack Tiegs with intent to wound under section 28-410, R. R. S., 1943. The second count of the information charged the defendant with an unlawful and felonious assault with a dangerous weapon upon Clifford M. Stack, a law enforcement officer, engaged in his official duties under section 28-729.01, R. S. Supp., 1967. The defendant requested the court to instruct the jury, with respect to both the first count and the second count, that the elements of the particular offense also might constitute the lesser included offense of assault or assault and battery.

The court did so instruct the jury as to Count I, but failed to do so as to Count II. The jury returned a verdict of not guilty on Count I, but found the defendant guilty of the lesser and included crime of assault and battery; and found the defendant guilty as charged on Count II.

The majority opinion here finds it "unnecessary to reach the issue of whether knowledge that the victim is a police officer is an essential element of the crime charged" under Count II.

It should be noted here that the second count of the information itself specifically charged the defendant with unlawfully and feloniously assaulting with a dangerous weapon, "Clifford M. Stack, whom the said Charles LaPlante, knew to be a law enforcement official * * *." The jury was specifically instructed that among the essential elements required to be established beyond a reasonable doubt on Count II was "* * * 4. That defendant knew he (Clifford Stack) was a law enforcement officer."

Under 18 U. S. C. A., Crimes and Criminal Procedure, § 111, p. 11, the federal statute after which section 28-729.01, R. S. Supp., 1967, was apparently patterned, there is a split of authority as to whether scienter or guilty knowledge is essential. See, Annotation, 10 A. L. R. 3d 833. The appropriate rule should require proof that the defendant knew or reasonably should have known that the person assaulted was a law enforcement officer. It would also seem obvious that the information here properly and specifically charged that knowledge, and the jury was so instructed.

It is difficult to accept the conclusion of the majority opinion that the evidence is conclusive that the defendant knew Stack was a law enforcement officer. That opinion notes that the defendant had known Officer Stack when they were in high school, and that they had worked together on construction work. It does not note that Stack had been a police officer for less than 2

months at the time of the assault, and there is no evidence in the record that the defendant knew that fact. The evidence also shows that the officers arrived in an unmarked car and were both in plain clothes, with no weapons or badges visible. The defendant was engaged in a fight with a crowd surrounding the combatants. The officers walked up to the crowd and told the spectators to move away. One officer, not Officer Stack, stated to the defendant: "This is the police," and the defendant said nothing in response. Under these circumstances, it would certainly seem to be invading the province of the jury to hold that the evidence was conclusive that the defendant knew or reasonably should have known that Stack was a law enforcement officer.

"While, under some statutes, to be guilty of this offense the offender must know that the person assaulted is an officer, it is not necessary that the person assaulting the officer knows that the officer is about his official duties. Under other statutes ignorance of the fact that the person assaulted was a peace officer in the discharge of his duties is no defense to the crime, but it may be shown to reduce the grade of the offense from an aggravated to a simple assault." 6 C. J. S., Assault and Battery, § 84, p. 939.

A defendant is entitled to jury instructions on his theory of the case as disclosed by the evidence. Where the evidence, if believed by the jury, could absolve the defendant from guilt of the greater offense, but would support a finding of guilt of the lesser offense, an instruction as to the lesser offense should be mandatory when requested.

SMITH, J., joins in this dissent.