STATE OF NEBRASKA, APPELLEE, v. CHARLES LAPLANTE, APPELLANT.

179 N. W. 2d 110

Filed August 21, 1970. No. 37467.

Yost, Schafersman, Yost & Lamme, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

This is an appeal in a post conviction proceeding. On February 8, 1968, defendant-appellant, Charles LaPlante, was convicted by jury verdict in the district court for Dodge County, Nebraska, of assaulting an officer. § 28-729.01, R. S. Supp., 1967. He was also adjudged an habitual criminal and sentenced to 10 years imprisonment in the Nebraska Penal and Correctional Complex where he is now confined. The conviction was affirmed on direct appeal. State v. LaPlante, 183 Neb. 803, 164 N. W. 2d 448. A 1960 prior burglary conviction in Saunders County, Nebraska, was used as proof of his habitual criminal status. Thereafter, defendant filed a motion in the district court for Dodge County, Nebraska, for post conviction relief under section 29-3001, R. S. Supp.,

1967, alleging his prior 1960 conviction in Saunders County was void and in violation of his constitutional rights for the reason he was indigent; that no counsel was appointed for him or offered to him at the expense of the county; that he was without the advice or assistance of counsel; and that he did not knowingly, competently, intelligently, or understandingly waive the assistance of counsel. An order to show cause was entered; on hearing the motion to vacate and set aside sentence was denied by the trial court without evidentiary hearing. The order recited: "The court finds from the files and records in the case that the issue raised by the defendant in his present motion was not raised by the defendant in his original appeal of his conviction and sentence, which has been affirmed by the Nebraska Supreme Court."

"The Post Conviction Act specifically authorizes the trial court to examine the files and records and to determine whether or not a prisoner may be entitled to the relief he seeks. If the trial court finds from such examination that the proceeding is without foundation, an evidentiary hearing may be properly denied. * * * A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated." State v. Hizel, 181 Neb. 680, 150 N. W. 2d 217.

The files and records considered by the trial court are not before us and there is no certificate as to what was considered. State v. Fugate, 180 Neb. 701, 144 N. W. 2d 412. However, defendant's brief supplies a part of that record considered by the trial court: "At the hearing on the habitual criminal charge the State introduced evidence of a 1960 felony conviction from Saunders County, Nebraska, which on its face showed the defendant to have been without counsel, and to which the following objection was made: 'Comes now the defendant and objects to Exhibits A and B * * *

with respect to Exhibit B, it shows that the defendant therein was without counsel and also therein and thereby deprives the defendant of his constitutional right to representation by counsel * * *.' The objection was overruled, the exhibit received and the defendant sentenced to 10 years at hard labor without solitary confinement."

The error urged by defendant occurred at the hearing on the habitual criminal charge. It was directed to the admission of evidence of a prior 1960 conviction that defendant contends was void because of denial of counsel under rule of Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A. L. R. 2d 733 (1963), as extended to recidivist cases in Greer v. Beto, 384 U. S. 269, 86 S. Ct. 1477, 16 L. Ed. 2d 526 (1966). See, also, Burgett v. Texas, 389 U. S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967). The defendant did not raise this issue on direct appeal. Defendant was represented by able trial counsel at the original trial, direct appeal, during the post conviction proceeding, and in this court.

This case is similar to State v. Losieau, 182 Neb. 367, 154 N. W. 2d 762. In that post conviction proceeding Losieau objected to search and seizure evidence at the original trial, which was received as evidence over timely objection, but he did not raise that issue on direct appeal. We there held: "An illegal search and seizure issue cannot be considered in a post conviction review where the circumstances of the search and seizure were fully known to the defendant at the time of the trial resulting in his conviction."

Defendant here was aware of the circumstances of his 1960 prior conviction, and he specifically objected to the use of that prior conviction as evidence for the reason stated in the record that it was in violation of his constitutional rights. Defendant cannot now raise that issue on post conviction review.

The trial court was correct in denying defendant's

motion to vacate and set aside sentence and in denying an evidentiary hearing.

AFFIRMED.