STATE OF NEBRASKA, APPELLEE, v. RICKY RANDALL, APPELLANT.

193 N. W. 2d 766

Filed January 28, 1972. No. 38035.

Lovell, Raymond & Hippe, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is a prosecution for child stealing of Diana Kuntz, a child 11 years of age, with the intent to unlawfully conceal the child from her parents. The defendant was convicted by a jury, sentenced by the court, and appeals therefrom. We affirm the judgment and sentence of the trial court.

Diana Kuntz, the prosecuting witness, testified that she was 11 years of age on January 14, 1971; that she was a slight acquaintance of the defendant, Ricky Randall; and that she met him, had driven around with him, and spent the day of January 14, 1971, with him. Her testimony establishes that Diana and the defendant, along with others, left in a motor vehicle, traveled to the States of Wyoming and Montana for a period of 3 days, and later Diana was returned to the home of her parents. The trial court admitted evidence, over objection, that during the period of time Diana and Randall were in Wyoming they engaged in sexual intercourse; and that they shared a room together at Newcastle, Wyoming. The court also admitted evidence as to an incident of sexual intercourse between Diana and the defendant in Montana.

Summarizing the evidence of the State, it is substantially undisputed, as the defendant so states in his brief, it shows that the defendant, Randall, Diana Kuntz, and two other parties left Scottsbluff, picked up a girl in Morrill and took a trip in the defendant's car from there westerly through Wyoming, where they left one man at Newcastle, then into Montana, and back into Wyoming, over a period of 3 days. The evidence also substantiates the undisputed fact that Diana Kuntz had given her consent to the trip.

The evidence shows that the defendant did not return Diana Kuntz to her parents. The law officers did. The evidence also reveals as undisputed the testimony of Diana Kuntz' father about a phone call that he engaged in with the defendant, while the defendant and Diana were on the trip in question. It is as follows: "Q. Did you hear the conversation that occurred when Diana apparently handed the phone to someone named Rick to speak? A. Yes. Q. And what conversation did you hear at this time? A. He identified himself as Rick Randall and then I spoke up and asked him where they were at and he wouldn't give me no answer then, but

we kept talking to him, and then he told me that they were married and they was going to go to Arizona to live, and I kept talking to him and I said, 'Where are you at, in South Dakota?' And he said, 'Yes, we're in South Dakota.' And I said, 'Rapid City?' He said, 'Yes.' And I said, 'Are you going to bring my daughter home?' Well, he said, 'If you drop all charges and everything,' he says, 'I'll bring her home.' And I said, 'I don't have nothing to do with that,' I says, 'You just bring her home,' and I says, 'We'll be waiting for you tomorrow and you bring her home.' Well, he said, 'I'll think of it.' And we kept talking and I don't know all just the words that we said, but we—where they landed up, I believe that they went up to South Dakota and got married, but they wasn't even in South Dakota; they were in Rock Springs, Wyoming. Q. Did you specifically request that he return your daughter to your home? A. Yes. Q. What did he respond to your request? A. He said, 'If you drop all charges.' ' "

The main assignment of error is that the trial court erred in failing to instruct the jury, by way of a cautionary instruction, that the evidence relating to crimes committed by the defendant outside the jurisdiction of Scotts Bluff County were received for the limited purpose of showing the intent of the defendant to conceal the child from her parents. There are two answers to this contention. First, there is no showing of the commission of separate independent crimes by the defendant. The circumstances of staying at the hotel, and engaging in sexual intercourse, and the facts surrounding the 3-day trip, were all part of the chain of events and the circumstances that began with the defendant's departure from Scottsbluff, Nebraska, and finally led to his capture in Rock Springs, Wyoming. Very simply, they were not separate and independent other crimes, they were simply the essential facts of the case directly bearing on the defendant in taking 11-year-old Diana with him and away from her parents. Second, the de-

fendant tendered no instruction bearing upon this issue. In the absence of a request for a cautionary instruction with relation to previous similar offenses, it is not error for the trial court to fail to give such an instruction. Taylor v. State, 114 Neb. 257, 207 N. W. 207; Buckley v. State, 131 Neb. 752, 269 N. W. 892.

The second assignment of error charges that it was error for the trial court to advise the jury that the consent of Diana Kuntz, age 11, was immaterial. This court has held that the gist of the crime involved here is the malicious, forcible, or fraudulent removal of a child from the custody of its legal custodian, with the intent to unlawfully detain or conceal it from such custodian or parent, and hence consent of the child is immaterial and does not constitute a defense. The fact that the child consented to leave her parents and go with the accused is immaterial. Bundy v. State, 114 Neb. 121, 206 N. W. 21. There is no merit to this contention.

The defendant contends that the trial court should have instructed the jury on the lesser included offense of contributing to the need for special supervision of a minor as defined in section 28-477, R. S. Supp., 1969. The trial court refused this request and it was without error. The answer to the defendant's contention is found in State v. LaPlante, 183 Neb. 803, 164 N. W. 2d 448, wherein this court very recently said as follows: "Defendant's last assignment of error is the failure of the trial court to instruct on the offense of simple assault. Such an instruction is not mandatory where the evidence is conclusive of the guilt of the defendant. Mantell v. State, 141 Neb. 15, 2 N. W. 2d 586; Moore v. State, 147 Neb. 390, 23 N. W. 2d 552. Further, in Davis v. State, 116 Neb. 90, 215 N. W. 785, this court stated the general rule in the following language: 'Such an instruction is proper only when applicable to the evidence and where the evidence would justify a verdict of guilty of the lesser offense. If the evidence is such as to warrant only a verdict of the greater offense, or one of not

guilty, then it is not proper to give such an instruction.' See, also, In re Application of Flanders, 119 Neb. 761, 230 N. W. 684; Olney v. State, 169 Neb. 717, 100 N. W. 2d 838. The evidence in the present case is such that defendant is either guilty of the crime charged or not guilty. The trial court did not err in failing to instruct on the lesser offense."

Without reiterating the testimony we recited at the beginning of this opinion, the evidence in this case is conclusive of the guilt of the defendant of the crime charged. We observe that the evidence in this case is of such a conclusive nature, almost wholly undisputed, as to warrant only a verdict of guilty of the greater offense. We feel that the evidence herein is so conclusive against the defendant that to submit the instruction on contributing to the delinquency of a minor to a jury would have been unconscionable under the circumstances. It not only was not mandatory to give the instruction but it was the only way, considering the nature of the evidence in this case, in which the trial court could have fairly and properly submitted the case to the jury. The assignment of error is without merit.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in result.