STATE OF NEBRASKA, APPELLEE, V. RAMON REYES, APPEL-
LANT.

219 N. W. 2d 238

Filed June 20, 1974. No. 39339.

Alan Saltzman, for appellant.

Clarence A. H. Meyer, Attorney General, and Terry R. Schaaf, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant appeals from the denial of his motion to vacate the judgments and sentences entered on his pleas of guilty to second-degree murder and assault with intent to inflict great bodily injury. His pleas were entered pursuant to a plea bargain. No appeal was taken from his sentences which were the sentences recommended in the plea bargain. The court reviewed the motion, files, and records, and denied defendant's motion for appointment of counsel and his motion to vacate the judgments and sentences without granting an evidentiary hearing. Essentially the question here is whether an evidentiary hearing was necessary to determine if defendant's pleas were voluntarily and intelligently

made and to determine if he had effective assistance of counsel. We affirm.

Defendant alleges facts which contradict the record. Defendant's allegations that his pleas were involuntary and his counsel ineffective are premised on his belief that he had a colorable claim of self-defense.

Upon arraignment, defendant attempted to plead no contest but the county attorney would not accept that plea. The county attorney advised the court that he entered the plea bargain with the feeling that he could produce evidence that the defendant intentionally, purposely, and with design killed the victim; that the bullets recovered from the body were fired from the gun which the defendant surrendered to the police; and that an innocent bystander was struck by a bullet from defendant's gun. The county attorney because of the strength of the evidence would not agree to a plea of no contest. Defendant pled guilty.

A part of the record reviewed by the court herein included defendant's signed statement. It indicates after defendant met the victim in the tavern he ran back to his car to obtain the gun. After he obtained the gun and moved 10 to 15 feet from the car he shot the victim who was then standing by the corner 15 feet away. The victim was shot five times. At that time the victim had two six-packs of beer, one in each hand. Defendant also shot at the victim when the victim was running away, but didn't think he hit him. When defendant was asked the question, "How many times did you shoot Ballesteros before he fell?" he answered, "He didn't fall to the ground but I shot him two or three times when he stooped down before he run." Defendant did not think he shot Ballesteros five times. He thought he only hit him with one shot.

Reviewing the record, we agree with the trial judge the record shows defendant entered his pleas of guilty voluntarily, understandingly, and intelligently. "The

Post Conviction Act specifically authorizes the trial court to examine the files and records and to determine whether or not a prisoner may be entitled to the relief he seeks. If the trial court finds from such examination that the proceeding is without foundation, an evidentiary hearing may be properly denied." State v. LaPlante (1970), 185 Neb. 816, 179 N. W. 2d 110.

In State v. Oziah (1971), 186 Neb. 541, 184 N. W. 2d 725, we held: "A claim of error on the ground of ineffective assistance of counsel must be supported by a record showing that counsel's assistance was so grossly inept as to jeopardize the rights of the defendant and shock the court by its inadequacy."

This record will not support a claim of ineffective assistance of counsel. Defendant was facing a charge of first-degree murder. While the trial court could have submitted lesser-included offenses, first-degree murder was a very definite possibility on this record. Even if the jury would have found the defendant guilty of second-degree murder he still could have been sentenced to life imprisonment. § 28-402, R. R. S. 1943.

Defendant's counsel was able to obtain a plea agreement with the county attorney for a recommendation of a 20-year sentence on the second-degree murder offense and a 5-year sentence on the assault offense, with the further recommendation that both sentences run concurrently. The county attorney made these recommendations and the trial court accepted them and sentenced defendant accordingly. Defense counsel cannot be faulted on this score.

For the reasons given, the District Court was not in error in denying defendant relief under the Post Conviction Act, and the judgment is affirmed.

AFFIRMED.