264 N.W.2d 192 (1978)
200 Neb. 469
Michael Dean CLEMON, Appellant,
v.
OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, a Foreign Corporation, Cramer Brothers & Sons Co., a Nebraska Corporation and White Motor Credit Corporation, a Delaware Corporation, Appellees.
No. 41393.
Supreme Court of Nebraska.
March 29, 1978.
*193 Warren C. Schrempp, Thomas G. McQuade, Richard E. Shugrue of Schrempp & McQuade, Omaha, for appellant.
Ronald H. Stave and Joseph S. Daly of the Law Offices of Emil F. Sodoro, P.C., Omaha, for appellees.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.
KUNS, Retired District Judge.
This is an action in which Michael Dean Clemon, the appellant, sued Occidental Fire & Casualty Company of North Carolina and others to recover upon a policy of fire insurance upon appellant's truck. His first cause of action seeks to recover amounts due under the provisions of his policy; no questions are here raised as to the first cause of action. The trial court sustained a demurrer ore tenus to, and entered an order of dismissal of, the second cause of action, from which this appeal was taken. We affirm the order of the trial court.
Both causes of action are based upon a policy of fire insurance upon a 1971 White tractor, for the period of 12 months from September 16, 1974. Appellant alleged that on October 17, 1974, the truck was damaged by fire. In his second cause of action, appellant alleged that the truck was taken to Cramer Brothers & Sons Co. for repair, and that appellee had knowledge thereof; that the cost of repair was $12,581.39, and that appellant demanded such amount from appellee but that appellee willfully refused to pay such claim; that Cramer Brothers filed a lien, which included charges for interest and storage, amounting at the time of suit to approximately $7,000; and that appellant did not have funds to pay such charges and had been unable to secure possession of the truck or to use the same in his business, to his damage. He prayed for damages equal to the charges for storage and interest, for the amount of business lost, and for attorneys' fees and costs.
It appears from the briefs of the parties that the cab of the insured truck had been partially damaged by fire and that Cramer Brothers replaced it with a new cab. Appellant claims the full cost of the new cab while appellee contends it is not liable for more than the depreciated value of the original cab. This is in issue in the first cause of action. As noted, appellant *194 alleged a "willful refusal" by appellee to pay the amount claimed due. There is neither an allegation that the refusal to pay is either malicious or in bad faith, nor of facts from which malice or bad faith should be inferred. The allegation that appellee's refusal to pay was "willful" is not an allegation of an illegal, malicious, or fraudulent act; it is simply a statement that the refusal was done knowingly and of stubborn purpose. Bundy v. State, 114 Neb. 121, 206 N.W. 21. It might be applied appropriately in any situation where two parties, with different views as to the construction of a contractual provision, each act in accordance with their contention.
Appellant next argues that the policy in suit is a "valued" policy and that appellant therefore has a right to recover the total amount of his repair bill without deduction for depreciation. This contention completely overlooks the language of section 44-380, R.R.S.1943, which applies only to total losses of real property. Furthermore, in Insurance Co. of North America v. County of Hall, 188 Neb. 609, 198 N.W.2d 490, this statute was held to conflict with section 44-501, R.R.S.1943, the court saying: "Section 44-501, R.R.S.1943, on the other hand, incorporates the provisions of the 1943 Standard Fire Insurance Policy of the State of New York, the provision in the insurance contract here, and requires an `open' policy providing recovery of the actual value of the loss, and the amount of the insurance designated in the policy being a limitation on recovery. Borden v. General Insurance Co., 157 Neb. 98, 59 N.W.2d 141 (1953)." Appellant's claim that the policy is "valued" is completely without merit.
Appellant next urges the consideration of various decisions in cases where the insurer took a direct role in contracting for the making of necessary repairs or took possession of the insured property for some reason. In such cases, of course, an insurer may make itself liable for negligence in the making of repairs or delay in returning the property to the insured. Appellant, however, alleged only that appellee knew that the insured property had been taken to Cramer Brothers for repairs. This is not an allegation that appellee was a party to the contract for repairs or that it had undertaken to repair or to replace the vehicle. Appellant's cited cases do not apply to such a situation. If Cramer Brothers had a valid lien for the cost of repairs, storage, and interest, the right to such lien arose from the contract for such repairs and not from any act of the appellee. Under the provisions of the policy, the appellee had an option to repair or replace the vehicle. There is no allegation that it exercised such option or that it undertook any new obligations or responsibilities to the insured after the occurrence of the damage to the insured property. In the absence of allegations showing the creation of new obligations or responsibilities on the part of the appellee subsequent to the execution of the insurance policy, the appellant is left only with his first cause of action. The trial court, therefore, was correct in sustaining the demurrer ore tenus and in dismissing the second cause of action. The judgment is affirmed.
AFFIRMED.